HUGHEY ET AL. v. BRATTON ET AL.

48 167
65 497

CHANCERY PLEADING:   *Cross-complaint against co-defendant on breach of covenant.*
    A cross-complaint against a co-defendant, which seeks relief by way of damages for breach of covenant and presents no grounds of equitable cognizance, will not be entertained.

APPEAL from *Bradley* Circuit Court.
Hon. J. W. ROBB, Special Judge.

### STATEMENT.

Bratton filed his complaint in equity against Hughey, Strickland and Barnett, alleging, in substance, that he had purchased of Hughey and Strickland by parol contract, a tract of land, of which they placed him in possession and agreed to make to him a deed on demand; that

he remained in possession three years, made valuable improvements on the land and then moved off to another county, leaving Hughey in possession, as his agent, to rent out the land and collect the rents for him; that afterwards Hughey fraudulently conveyed his interest to Strickland, and Strickland sold and conveyed the land to Barnett, who had notice of his (Bratton's) purchase and equity in the land. He prayed that the deed to Barnett be canceled, and Hughey and Strickland be compelled to convey to him. All the parties answered, and Barnett filed his cross-complaint against his co-defendants, Hughey and Strickland, praying for a decree against them upon their warranty of title for the amount he had paid for the land, in case the court should decree as prayed by Bratton. Hughey and Strickland demurred to the cross-complaint. The chancellor overruled the demurrer, found the facts as alleged in the original complaint, and decreed for Bratton and Barnett as prayed in their respective complaints, and Hughey and Strickland appealed.

*Wells & Williamson*, for appellants.

The findings of the court below, that appellee, Bratton, bought the lands from Hughey and Strickland and paid for the same; that Hughey sold to Strickland and his assigns, with full covenants of warranty; that Strickland conveyed to Barnett, with like covenants of warranty, are all without evidence to sustain them. The finding, also, that Barnett purchased, with full knowledge of Bratton's equities, was without sufficient evidence to sustain it.

The length of time for which Hughey and Strickland and Barnett successively held the lands, without demand by Bratton for deed, or account of rents and profits, is strong indication that Bratton had in fact sold the lands to

Hughey, or that he had at least abandoned all claim to it under his former purchase. *16 Ark., 271; 23 ib., 653.*

The decree on Barnett's cross-complaint was clearly erroneous. His remedy was at law upon his covenants of warranty.

BATTLE, J. We find no error prejudicial to appellants in so much of the decree of the court below as is in favor of appellee, Bratton. The cause of action set forth in the cross-complaint of appellee, Barnett, cannot properly be made the subject matter of a cross-complaint in an action like this. A cross-complaint against a co-defendant, which seeks relief by way of damages for a breach of covenant and presents no grounds of equitable cognizance, will not be entertained. *Trapnall v. Hill, 31 Ark., 345.*

So much of the decree of the court below as is based on the cross-complaint of Barnett is, therefore, reversed. A decree will be entered here in favor of appellants against Barnett, dismissing the cross-complaint of Barnett without prejudice, and for the costs incurred by reason thereof, and this appeal. In other respects the decree of the court below is affirmed.