DeLoach Mill Manufacturing Co. *v.* Bonner.

Opinion delivered December 24, 1897.

Damages—Breach of Warranty in Sale.—In a suit to recover the purchase price of a sawmill, sold with a warranty that it would properly do the work of a mill of that size and capacity, the purchaser is not entitled to counterclaim damages growing out of the loss of certain timber by reason of the failure of the mill to operate as warranted, where such damages were not in contemplation of the vendor at the time the sale was made. (Page 512.)

Pleading Over—When no Waiver of Objection.—An objection to a counterclaim, taken by demurrer, that it does not state facts sufficient to constitute a cause of action is not waived by filing a reply (Sand. & H. Dig., § 5743). (Page 512.)

Appeal from Phillips Circuit Court.

Hance N. Hutton, Judge.

*P. O. Thweatt*, for appellant.

The damages claimed in the counterclaim were too remote, contingent and uncertain, and the demurrer and motion to strike them out should have been sustained. 57 Ark. 203, and cases cited; 1 Sedgwick, Damages (2 Ed.), pp. 71–72; 2 Sedgwick, Damages, New Ed. 764, 741, p. 219; 21 Wend. 342; Tiedeman, Sales, 336; Benjamin, Sales, 1307; 58 Ark. 34; 7 Cush. (Mass.) 516; 15 S. E. 940; 11 N. C. 92. Appellee had no claim for damages until he returned the defective parts of the machinery contracted for. 45 Ill. App. 313; S. C. 26 S. W. 267; 45 Ill. App. 631; 18 S. E. 240; 55 N. W. 580.

*Jno. J. & E. C. Hornor*, for appellee.

By pleading over to the merits after demurrer overruled, the party demurring waives all objections to the ruling of the

court on the question of the demurrer.   48 Ark. 454;  43 Ark. 230;  39 Ark. 258;  27 Ark. 235.   Unless exceptions be saved at the time to a refusal to transfer a cause to equity, they will be considered as waived.   46 Ark. 524.   The same rule applies to instructions.   41 Ark. 535.

BUNN, C. J.   This is an action of replevin by the appellant company against appellee, J. C. Bonner, for the recovery of one DeLoach Variable feed single saw mill, attachments and extras, and one 56-inch solid circular saw.   It appears that the appellant company, domiciled at Atlanta, Ga., had its agent at Little Rock, this state, who, on the 2d of December, 1891, sold to Bonner the property aforesaid for the price of $390, one-fourth paid in cash, and the remainder in equal installments, payable in four, eight and twelve months, respectively, for which Bonner executed and delivered his several promissory notes, and plaintiff reserved title in the property until these notes should be paid, and gave to Bonner a warranty in writing that the mill and machinery would properly do the work of one of that size and capacity, with proper management.   The defendant failing and refusing to pay said notes when due, this action was brought under the reservation of title in the vendor, to recover the property as stated.

The defendant answered, admitting the sale, but, by way of counterclaim, set up the fact that the mill and attachments were not such as he had purchased, in this: that they failed to do the work which they had been represented as capable of doing, and that, therefore, there was a breach of the warranty; and that he had gone to a large expense in endeavoring to operate said mill, but without success, in putting up and taking down the same, and in paying freight that he would not have had to pay otherwise; and, finally, in the loss of 60,000 feet of oak timber, worth $600, and 30,000 feet of gum timber, worth $150, which he had purchased, cut and hauled to the mill site, and which, by reason of the utter failure of the sawmill to do its work as aforesaid, became and was a total loss to him. To this part of the counterclaim plaintiff interposed its demurrer on the ground that the claim for damages for the loss of the timber was too indefinite, uncertain and remote for a

counterclaim.   The demurrer was overruled, and, without exceptions taken, the plaintiff filed its reply to the answer and counterclaim, concluding by moving the court to strike out the timber-loss portion of the same, because the same was too indefinite, uncertain and remote as a defense by way of counterclaim.   Without any disposition of this motion, except by implication, the parties went to trial, which resulted in judgment for the defendant in the sum of $698.   Plaintiff filed its motion to set aside the verdict and for a new trial, on the following grounds:   Because the court erred in compelling it to make the complaint more certain; because the court erred in overruling its demurrer to the counterclaim, and also in overruling its motion to strike out the item of loss of timber in the counterclaim; and because the verdict was contrary to the law and to the evidence, and to both the law and the evidence. The motion for a new trial being overruled, plaintiff appeals.

On the trial it was admitted by the defendant that the plaintiff was entitled to the possession of the property sued for, and it was so adjudged, and the real and only controversy was over the matters of counterclaim set up by the defendant in his answer.

The item of damages growing out of the loss of the timber was not a proper item to be taken into account when estimating the damages in this action, because, as claimed by plaintiff, such damages are too uncertain and remote; and, besides, the plaintiff does not appear to have had any notice that such were to enter into the contract of sale of the mill and machinery or his warranty therefor, or in anywise affect the same, and, in fact, they do not appear to be connected with the sale.   The loss of the timber, therefore, constituted no sufficient cause of action against the plaintiff.   Sutherland, Damages (2 Ed.) § 705; *Manhattan Stamping Co.* v. *Koehler*, 45 Hun, 150; *Loudy* v. *Clarke*, 45 Minn. 477.

It is contended, however, by the defendant's counsel that, as plaintiff pleaded over after its demurrer was overruled, and went to trial after its motion was overruled, without reserving its objections to the said item of counterclaim, it waived them, and cannot now be heard upon them.   The several provisions of our Code of Pleading and Practice (sections 5720 and 5743,

Sand. & H. Dig.) provide, in effect, that objection to a complaint or answer that the same does not state facts sufficient to constitute a cause of action or facts sufficient to constitute a defense, as the case may be, is not to be considered as waived by any failure to make it, but that the same may be taken advantage of at any stage of the proceedings. In *Chapline* v. *Robertson*, 44 Ark. 205, on a like issue as the one here made, this court said: "The first assignment in the motion for a new trial is for alleged error in overruling the demurrer to the complaint. As the defendants pleaded over to the merits, they waived all objections to the ruling, *except the two radical ones of want of jurisdiction over the subject-matter of the action, and failure of the complaint to disclose any cause of action entitling the plaintiff to relief.*" To the same effect are *Martin* v. *Royster*, 8 Ark. 74, and *Fordyce* v. *Merrill*, 49 Ark. 277.

In the case of *Chapline* v. *Robertson, supra*, the objection made by the demurrer was to the complaint, while in the case at bar the objection is to one item or clause of the counterclaim; but the principle governing both cases is the same, for, in pleading a counterclaim or set-off, the defendant occupies the relative position of a plaintiff for the purposes of the plea, and the same rule as to sufficiency applies to the statement of the counterclaim as is applied to a complaint.

In this case the radical defect of letting in the loss of the timber, as an element of damages against the plaintiff, was not waived, nor did it cease to be a defect to the last.

The testimony upon which the loss of the timber was sought to be established was irrelevant to the legitimate issues made by the counterclaim and the reply thereto, and to that extent, and in that way, the verdict (which was manifestly largely made up of the amount of the alleged loss of the timber) was not supported by the evidence; and for this error the judgment is reversed, and the cause remanded.