THOMPSON *v.* BRAZILE.

Opinion delivered October 1, 1889.

1. PLEADING OVER—WAIVER.—Pleading over to a complaint waives an objection raised by demurrer that it improperly joins two causes of action, but not an objection that the complaint fails to state a cause of action.  (Page 497.)

2. PLEADING—BREACH OF COVENANT OF WARRANTY.—A complaint for breach of a covenant of warranty of title must allege an eviction. (Page 498 )

Appeal from Jackson Circuit Court, in Chancery.

RICHARD H. POWELL, Judge.

STATEMENT BY THE COURT.

The facts in this case are as follows:  The appellee, Ida Brazile, purchased from R. W. Martin and W. J. Thompson a certain eighty-acre tract of land lying in Jackson county, and took possession of the same under a deed from them.  Afterwards one Joseph Walker brought an action of ejectment against appellee, Mrs. Brazile, to recover possession of said land, claiming title under a tax deed made in pursuance of a sale for non-payment of taxes.  For defense to said action, appellee set up, among other things, the fact that she had purchased the land from Martin and Thompson, and that Martin had since died; and asked that Thompson be made a party defendant. Thompson was made a defendant, and afterwards Mrs. Brazile filed a cross-complaint against him, alleging the execution of the deed from R. W. Martin and W. J. Thompson to her, and that the said grantors covenanted in said deed that they "would forever warrant and defend the title to said land against all lawful claims whatever, except against the heirs of W. W. Brazile, deceased."  She further alleged that, if there had been any forfeiture of the land for nonpayment of taxes, the forfeiture occurred long prior to the execution of the deed aforesaid. Wherefore she prayed that Thompson be required to answer and defend the original suit, and that, if plaintiff prevailed in said

suit, she have judgment against Thompson for $400, the amount paid for said land and for other relief. The appellant, Thompson, appeared, and moved to set aside the order making him a party defendant. He also demurred to the cross-complaint filed against him by Mrs. Brazile. The motion and demurrer were both overruled. Thompson afterwards filed an answer and cross-complaint, alleging that the covenant of warranty in the deed was the result of a mistake in the execution of the deed, and praying that the cause be transferred to the equity docket, and that the deed be reformed.

The issues arising in the original action between Walker and the defendants, Brazile and Thompson, were tried by the circuit court, and judgment rendered in favor of Walker for the possession of the land. Afterwards the cause as to the remaining issues between Brazile and Thompson was transferred to the equity docket.

Upon the hearing the court refused to reform the deed, found that there was a breach of the covenant of warranty in the deed, and gave judgment against Thompson for the sum of $400 for breach of said warranty and for costs, from which judgment Thompson appealed.

*Sam W. Williams* and *De E. Bradshaw*, for appellant.

Damages for breach of a covenant cannot be recovered against a co-defendant in law. 31 Ark. 345. No action lies on a covenant of warranty until eviction. 36 Ark. 456. There is no averment of breach of warranty, and the grantees, or those claiming under them, are liable for the taxes. 30 Ark. 95, and cases cited. The cross-complaint of appellant alleges that appellee derives title from the heirs of W. W. Brazile, and, as it is not denied, it stands confessed. 30 Ark. 362; 31 Ark. 345; 41 Ark. 17. Appellant had a right to defend by showing that appellee's grantor was the one liable for the taxes. 59 Ark. 16; 44 S. W. 1026. Even if the legal effect of the words in the deed was a covenant against taxes, which grantee was really liable for, it was a mistake, and the deed should have been reformed. 1 Story, Eq. § 162; 1 Dan. Neg. Inst. 156; 25 Ark. 370; 48 Ark. 498; 51 Ark. 390; Jones, Mortgages, 97; 46 Ark. 174; 30 S. W. 34; 149 N. Y. 51; Boone, Real Prop.

§ 323. Since appellant was one of two tenants in common, his warranty could make him liable for no more than one-half of whatever damage grew out of a breach of said warranty. 2 Pingrey, Real Prop. §§ 1443–5; Rawle, Cov. for Tit. pp. 453, 454, and notes; 81 Mich. 318.

*Phillips & Campbell* and *M. M. Stuckey*, for appellee.

Appellant withdrew his demurrer to the motion and cross-complaint of appellee, and filed an answer thereto, thereby waiving all objection to being made a party to the suit. The words "grant, bargain and sell" imply a warranty and a covenant of seisin. Sand. & H. Dig., § 696. The covenant of seisin was broken. 33 Ark. 640. Equity cannot correct mistakes of law. Fetter, Eq. 118, 126; 41 Ark. 495. The warranty was a joint and several obligation. Sand. & H. Dig., § 4186.

RIDDICK, J., (after stating the facts). This litigation was commenced by an action of ejectment brought by one Walker against the appellee, Ida Brazile, to recover from her a tract of land of which she held possession. Mrs. Brazile had purchased the land from appellant, W. J. Thompson, and one R. W. Martin, who had since died. She procured an order making Thompson a party defendant with her, and then filed a cross-complaint against him, praying that he be compelled to defend the action of ejectment, and that, in the event the plaintiff recovered judgment against her for the land, that she have a judgment against Thompson on the covenant of warranty contained in his deed.

It is not clear that she could properly have her rights against Thompson, arising on covenants in his deed, adjudicated in the action of ejectment brought by Walker against her. The two matters were not sufficiently connected. *Hughey* v. *Bratton*, 48 Ark. 167; *Trapnall* v. *Hill*, 31 Ark. 345.

But Thompson did not stand on the demurrer filed by him to said counterclaim. After the same was overruled, he filed an answer and a cross-complaint, and by so doing he waived his demurrer; but it was still necessary that the cross-complaint of Mrs. Brazile should state a cause of action, and that the facts in proof should warrant a judgment against Thompson. *De Loach Mill Mfg. Co.* v. *Bonner*, 64 Ark. 510; *Fordyce*

v. *Merrill,* 49 *ib.* 277; *Chapline* v. *Robertson,* 44 *ib.* 202.

Now, the cross-complaint alleged that the deed from Thompson to Mrs. Brazile contained a covenant of warranty, but it did not allege an eviction. On the contrary, both the pleadings and the evidence showed that Mrs. Brazile, at the time this cross-complaint was filed, was still in possession of the land, and that there had been no eviction, and consequently no breach of the covenant of warranty. Neither the facts alleged nor those established by the evidence warranted a judgment against Thompson. *Dillahunty* v. *Railway Company,* 59 Ark. 629; 3 Washb. Real Prop. 506.

It is true that counsel for appellee say that the deed in question contained a covenant of seisin as well as one of warranty, and contend that this covenant was broken so soon as deed was executed, but no such question was presented in the circuit court. The cross-complaint against Thompson sets up only a covenant of warranty. The decree of the court recites that there was a covenant of warranty and a breach thereof, and is founded upon such supposed breach. As neither the pleadings nor the evidence support this finding, the judgment against Thompson on the cross-complaint of Mrs. Brazile is reversed, and the action against him is dismissed, but without prejudice to a future action.