ELMORE *v.* BOOTH.

Opinion delivered May 13, 1907.

1. SALE—BREACH OF WARRANTY—BURDEN OF PROOF.—Where a vendee, sued on notes given for purchase of chattels, admits the execution of such notes and pleads a breach of warranty releasing him from liability and entitling him to recover what he had paid and damages, the burden of proof as to such matters is upon the vendee. (Page 49.)

2. SAME—WARRANTY—REMOTENESS OF DAMAGES.—In a suit to recover the purchase price of a cotton gin elevator warranted to feed two sixty-saw gins, the vendees were not entitled to recover the amount which they failed to earn by reason of the defective working of the machine, nor for the amount of fuel required to operate the machine in excess of what would have been required if the machine had worked properly, such damages being too remote. (Page 49.)

Appeal from Columbia Circuit Court; *Charles W. Smith,* Judge; affirmed.

*Stevens & Stevens,* for appellant.

1. The damages claimed for the loss of cotton and extra time in running the gin and extra wood burned are too remote for recovery in this case. 72 Ark. 275.

2. There could have been no rescission of the contract except upon notice to the plaintiffs and setting the elevator aside. 53 Ark. 157. Under the pleadings in this case the only defense was recoupment. The rules as to recoupment are well defined. See 22 Ark. 244, 245; 53 Ark. 159.

3. The first instruction was erroneous in placing the burden on plaintiffs to show their right to recover by a preponderance of the evidence, whereas the execution of the contract and notes was admitted.

*H. S. Powell* and *J. E. Hawkins,* for appellees.

Under the pleadings, evidence and instructions, the question of rescission was fairly submitted to the jury, and they were justified in finding that there was no rescission. The evidence is ample to sustain their verdict on this theory, and it ought not to be disturbed. 47 Ark. 196; 46 Ark. 524; 50 Ark. 511; 67 Ark. 513; 14 Ark. 419; 25 Ark. 11. The rule is that a contract must be rescinded within a reasonable time; but what a reasonable time is depends upon the conditions and surroundings of the case. 72 Ark. 348; 35 Ark. 438. If appellees were induced by subsequent promises and representations of appellants to keep the elevator longer than would otherwise be permissible under a plea of rescission, appellants can not avail themselves of that fact and plead a waiver of the warranty. Benjamin on Sales, § 190, 2; 11 Ill. App. 408; 7 Ind. App. 502; 105 Mich. 205; 36 S. W. 149. Under the terms of the contract, a return of the elevator was not necessary, but notice that it was not doing the work that it was warranted to do and request to appellants to come after it was sufficient. 38 Ark. 334.

HILL, C. J. Elmore and Curry sold Booth and Crumpler an elevator for the purpose of hoisting cotton from wagons to gins operated by them; and it was claimed by Booth and Crumpler that there was a warranty to the effect that the elevator would properly feed two sixty-saw gins. Twenty-five dollars was paid on the purchase price, and notes were given for the balance, in which notes title to the elevator was reserved.

Suit was brought in justice's court on the notes, and an affidavit for specific attachment was filed, the notes being attached as exhibits to the affidavit. After the case reached the circuit

court on appeal, Booth and Crumpler filed an answer in which they admitted the execution of the notes, but pleaded a breach of warranty, and sought thereby to defeat the recovery of the balance of the purchase money and to recover back the twenty-five dollars paid, and in addition to this they claimed damages:

First: That they lost the ginning of twenty-four bales which would have been ginned by them had it not been for the defective work of the elevator, by which they lost $60.

Second: Owing to the slowness of the elevator's work, they were forced to work extra time, often at night, requiring them to burn wood to the value of thirty dollars more than they otherwise would have done.

Defendants recovered seventy-five dollars damages, and the plaintiffs have brought the case here.

The court instructed the jury that the burden of proof was on the plaintiffs to show their right to recover by a preponderance of the evidence. In this the court erred. The notes were admitted, and defendants pleaded a breach of warranty which they alleged released them from the payment of the balance of the purchase money and entitled them to recover what had been paid and also damages; and upon all these matters the burden of proof was upon the defendants.

There was a sharp conflict in the testimony as to the warranty and as to its breach, and this instruction was necessarily prejudicial. The items of damage claimed herein are too remote to be recoverable, and should not have been submitted to the jury. This subject is fully explained in *Hooks Smelting Co.* v. *Planters' Comp. Co.,* 72 Ark. 275. See also *De Loach Mill Mfg. Co.* v. *Bonner,* 64 Ark. 510, and 1 Sutherland on Damages (3d Ed.), § 4952.

Judgment reversed and cause remanded.