## BEACH v. NORDMAN.

### Opinion delivered March 29, 1909.

1. COVENANTS—EVICTION—CLERICAL MISPRISION.—In an action for breach of a warranty in a deed where the covenantee complains of a judgment of the Supreme Court as constituting an eviction, a mere clerical misprision in the mandate of the Supreme Court in describing the lands was immaterial where the lands were correctly described in the pleadings. (Page 62.)

2. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Objection that the mandate of the Supreme Court, relied upon as evidence of eviction in an action for breach of a covenant of warranty, contained a misdescription of the lands in question cannot be raised for the first time on appeal. (Page 63.)

3. COVENANT—BREACH—EVICTION.—Where, in a suit in equity between a covenantee and a third person, title to land was adjudged in this court to be in the latter, such adjudication constituted an eviction, entitling the covenantee to sue his covenantor upon the warranty without first filing the mandate of this court in the trial court. (Page 63.)

4. SAME—DAMAGES FOR BREACH.—Under a covenant to warrant and defend title, the covenantee is entitled to recover the costs and necessary expenses incurred by him in a *bona fide* defense or assertion of his title, including reasonable attorney's fees. (Page 63.)

Appeal from Woodruff Circuit Court; *Roy D. Campbell,* Special Judge; affirmed.

### STATEMENT BY THE COURT.

On January 29, 1901, appellant sold appellee 680 acres of land in Woodruff County, Arkansas. Appellee entered upon the land and began to cut the timber therefrom, whereupon S. C. Robinson, claiming to be the owner of 160 acres of the land, brought suit against appellee for the possession thereof and for damages in the sum of $600. Appellee also brought suit in equity against Robinson to remove the cloud from his title to the 160 acres claimed by Robinson. The case at law was transferred to the chancery court, and consolidated with the chancery suit to remove cloud. A decree was rendered in favor of appellee. Robinson appealed to this court, and was by this court adjudged to be the owner and in possession of the land. The decree of the chancery court was reversed, and the cause remanded with directions to the chancery court to enter a decree in accordance with the opinion of this court.

Thereafter appellee brought this suit against appellant, alleging that immediately upon the institution of the suit by Robinson against him he notified appellant and requested him to defend it, which appellant agreed to do, and directed appellee to incur reasonable and necessary expenses in defending it; that appellant advised and directed the institution of the suit to remove the alleged claim of Robinson as a cloud upon appellee's title; that the final result of the consolidated suits was that Robinson was declared the owner of the land; that by reason of this there has been a breach of appellant's covenant to warrant and defend the title; that appellee had incurred attorney's fees in the sum of $286, court costs in the sum of $265, and other expenses amounting to $100 by reason of the suit, and, besides, had lost the purchase money paid for the land in the sum of $480; to his damage all told in the sum of $1575, for which he asked judgment.

Appellant answered and admitted the conveyance of the land by warranty deed; admitted the covenant to warrant and defend the title to same; admitted the suit by Robinson against appellee at law to recover possession of the land and for damages; admitted that appellee instituted suit against Robinson to remove the cloud; but denied that he directed appellee to bring the suit in equity, and denied that he consented to the consolidation of the suits; denied that he directed and instructed appellee to incur any expenses whatever with reference to the suits. Further answering, appellant stated that on the 16th day of September, 1903, the chancery court of Woodruff County for the southern district rendered a decree in said cause in favor of appellee; that said S. C. Robinson prosecuted an appeal to the Supreme Court of Arkansas, and that on the 10th day of June, 1905, said court reversed the decree of said chancery court and remanded said causes back to the said chancery court for further proceedings in accordance with the decision of said Supreme Court; that the appellee neglected and refused to take out and file in said chancery court the mandate from the Supreme Court until the 11th day of July, 1906. That appellee's right of action, if any he ever had, against appellant upon the warranty in said deed is now barred by reason of his failure to take out and file the mandate from the Supreme Court.

The evidence on behalf of appellee tended to show that the deed from appellant contained the following covenant: "We hereby covenant with the said F. Nordman that we will forever warrant and defend the title to said lands against all lawful claims whatsoever;" and that, as soon as he was sued by Robinson, he, appellee, notified appellant of that fact, and appellant promised to assist him all he could in straightening out the matter. There was evidence in the record which would have warranted the court in submitting to the jury the questions as to whether or not appellant, after being notified of the suit between appellee and Robinson involving the title to the lands, instructed appellee to proceed with the suit, and acquiesced in all that appellee did in connection with that litigation; but, in the view we have taken of the case, we deem it unnecessary to set out that evidence in detail.

There was a verdict and judgment in favor of appellee for the sum of $1269, from which appellant prosecutes this appeal.

*F. G. Taylor,* for appellant.

1. The variance in the description of the land mentioned in the complaint and the mandate from the Supreme Court is fatal. 59 Ark. 165; 69 *Id.* 363; 11 Cyc. p. 1151.

2. The mandate was not taken out and filed within the year. Kirby's Digest, § 5083.

3. The mere existence of an outstanding paramount title will not authorize a recovery. 11 Cyc. p. 1126.

3. The measure of damages was the purchase money with interest. 1 Ark. 313; 43 *Id.* 339; 54 *Id.* 195.

4. Attorney's fees should not be allowed. 42 Tex. 418; 68 Miss. 161; 11 Cyc. pp. 1177-8; Warvelle on Vendors (2d Ed.), § 980; 8 Am. & Eng. Enc. Law, p. 190.

4. The court erred in its instructions. 59 Ark. 195.

*Trimble, Robinson & Trimble,* for appellee.

1. The alleged variance does not exist in fact, and cannot be raised here for the first time, and is immaterial. 75 Ark. 593.

2. The decree in the Supreme Court constituted an eviction. 23 Ark. 590; 78 *Id.* 552; 5 Ind. 393; 6 Barb. 165; 5 Lans. 196; 59 Ark. 638; 41 Ill. 413; 11 La. 317; 98 U. S. 56; 65 Ind. 482; 85 *Id.* 42; 52 Ark. 322.

3. For a loss of part of the tract conveyed plaintiff is entitled to the recovery of a proportionate part of the whole consideration with interest and cost. 39 Iowa 286; 10 Wend. 142; 77 Tex. 662; 59 Ark. 195.

4. Appellant was properly chargeable with the expense of the litigation in defending the title, including attorney's fees. Warvelle on Vendors (2 Ed.), § § 980, 1176; 65 Ark. 103, 498; 34 Ill. App. 146; 47 Iowa 188; 11 Kans. 569; 65 Ky. 301; 12 Me. 9; 66 *Id.* 557; 1 Mont. 688; 30 Vt. 232; 14 Conn. 245; 94 Iowa 222; 164 Mass. 467; 77 Mo. 500; 33 Cal. 299; 33 Kans. 765; 25 Minn. 525; 13 Vt. 379.

WOOD, J., (after stating the facts.)   I. Appellant contends that the land mentioned in the mandate of the Supreme Court is

not the same land mentioned in the decree in the case in the chancery court which was .appealed to this court and reversed, and not the same land mentioned in the complaint in this suit. There is no merit in the contention. The clerical misprision in describing the lands in the mandate of the Supreme Court is immaterial. The pleadings in the chancery court show what lands were adjudicated finally in that suit to belong to Robinson. These are the same lands mentioned in the complaint in this suit; but the question was not raised in the court below, and therefore can not be raised here. Had the attention of the court and appellee been called to the · misprision, it could have been corrected so as to make the description in the mandate conform to the description of the land in the pleadings in the chancery suit. Moreover, the filing of the mandate of this court in the lower court in the chancery suit was not a condition precedent to the maintaining of the present suit. Appellant's covenant of warranty had failed when this court adjudged the right to the title and possession of the lands in the suit in the chancery court to be in Robinson. *Robinson* v. *Nordman,* 75 Ark. 595. Appellee was not required to await the filing of the mandate before he could maintain the present suit. In law he had been evicted. 2 Warvelle on Vendors, § 977, and authorities to this point cited in appellee's brief.

II. The instructions of the court given at the instance of the appellee correctly submitted the questions raised by the pleadings and evidence. The prayers for instructions by appellant were not correct. Under a covenant to warrant and defend title, the costs and necessary expenses incurred by a covenantee in a *bona fide* defense or assertion of his title are recoverable in an action by him against the covenantor for the breach of his warranty. Necessary expenses would include reasonable attorney's fees and other actual expenses paid by the covevantee in a *bona fide* but ineffectual effort to uphold the title which he has acquired from his covenantor. There is some conflict among the authorities, but as Mr. Warvelle says: "The larger and apparently better considered class of cases, however, all incline to the doctrine that the purchaser is entitled to reimbursement for his necessary costs and expenses incurred in defending the title, and that such costs and expenses include a rea-

sonable attorney's fee.  2 Warvelle on Vendors, § 980; 11 Cyc. 1176, and cases cited in notes.

In the cases of *Logan* v. *Moulder,* 1 Ark. 313; *Carvill* v. *Jacks,* 43 Ark. 439; *Barnett* v. *Hughey,* 54 Ark. 195; *Alexander* v. *Bridgford,* 59 Ark. 195, the question that is here presented was not involved. We have never announced a rule on the measure of damages for a breach of covenant to warrant and defend title contrary to the above, which is generally held to be the sound doctrine. In 8 Am. & Eng. Enc. Law, 2d Ed. p. 190, the reason for the rule, and the rule itself, are given as follows: "A grantee in possession of land under a deed containing the usual covenants would, in surrendering possession to what he supposed to be a paramount title, act at his peril; and it is therefore generally held that where he defends the action by the owner of the paramount title to recover possession of the land he may recover from his covenantor the expenses necessarily incurred, including a reasonable fee paid to his attorney." See other cases cited in notes on pp. 190 and 191.

The instructions given at the instance of appellee were in conformity to the above doctrine. The prayers for instructions by the appellant, and which were refused by the court, were predicated upon the idea that appellant would not be liable unless there was an agreement, aside from the covenant, to pay the expenses incurred by appellee, and were therefore erroneous according to the rule above announced.

There was a substantial basis in the evidence upon which to rest the verdict. The judgment is therefore correct, and is affirmed.