COX *v.* BRADFORD.

Opinion delivered December 18, 1911.

DECREE—WHEN NOT BY CONSENT.—Where, in a suit against two defendants, separate decrees were taken against them, the fact that the decree against one of the defendants was rendered by consent will not make the decree against the other defendant a consent decree. (Page 305.)

2. COVENANT OF WARRANTY—EVICTION.—A decree cancelling a grantee's title is a sufficient eviction to entitle him to recover upon his grantor's covenant of warranty. (Page 306.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; reversed.

### STATEMENT BY THE COURT.

On May 6, 1893, J. P. Bradford conveyed by warranty deed to J. R. B. Moore and E. E. Reed among other tracts the following land: NE¼ of section 28, township 6 north, range 5 west, in White County, Arkansas. Moore and Reed afterwards conveyed the same land by a deed that was, in form, if not in fact, a warranty, to the appellant. After this, one Ona Wardlow, as administratrix of E. H. Wardlow, brought suit in the White Chancery Court against one J. Q. Thompson and John B. Cox (appellant) to quiet title to the above land. The land is described in the complaint to quiet title, and it is alleged therein "that the defendants, J. Q. Thompson and John B. Cox, are claiming and asserting some right, title or interest in said land adverse to the plaintiff's intestate, but the plaintiff upon information and belief alleges and charges that they have in law and equity no right or interest thereto." The suit was numbered 970. The chancery court rendered the following decree, or decrees:

"Thursday, June 13, 1907.

Ona Wardlow, Admx.
    v.          970.          Decree.
Jno. Q. Thompson.

"This cause coming on to be heard comes the plaintiff, Ona Wardlow, as administratrix, of the estate of E. H. Wardlow, deceased, by Grant Green, her attorney, and comes the defendant, J. Q. Thompson, by his attorney, J. N. Rachels, and this cause is submitted to the court upon the complaint with exhibits and the answer with exhibits, and by consent of both parties it is considered, ordered and decreed by the court that E. H. Wardlow, the plaintiff's intestate, died owing title to the northeast quarter of section twenty-eight (28), township six (6) north, range five (5) west, but that the defendant, J. Q. Thompson, by the conveyance held by him has a claim and a lien upon said land for the sum of three hundred and twenty

dollars, and it is ordered and decreed that the title of E. H. Wardlow, deceased, be quieted as against said J. Q. Thompson upon the payment of three hundred and twenty dollars, and it is ordered and decreed that the title of E. H. Wardlow, deceased, be quieted as against the said J. Q. Thompson upon the payment of said sum of three hundred and twenty dollars; and if the sum be not paid within four months from this date that said land be sold upon a credit of three months by Mark P. Jones, who is appointed commissioner of this court to carry this decree into effect, and that the costs of this proceeding be paid equally by plaintiff and defendant.

"Ona Wardlow, Admx.

v.          970.          Decree.

J. Q. Thompson

John B. Cox.

"This cause coming on to be heard upon the complaint with exhibits, the answer of John B. Cox with exhibits and reply of plaintiff to answer and counterclaim of John B. Cox and record of tax sales brought into open court; and upon consideration thereof the court finds for the plaintiff. That said plaintiff has paid taxes thereon for the year 1896 the sum of $2.15, which, with interest, amounts to three and 42-100 dollars, for which he has a lien on said land, which is now in open court paid to defendant's attorney by plaintiff. It is therefore considered, ordered and decreed by the court that the answer and counterclaim of the defendant, John B. Cox, be and the same is dismissed for want of equity, and the deeds from J. J. Crow to J. P. Bradford, from J. P. Bradford to J. R. B. Moore and J. R. B. Moore and E. E. Reed to J. B. Cox, so far as the same affect the title of the plaintiff's intestate, E. H. Wardlow, deceased, be and the same are cancelled, and that the title of E. H. Wardlow, deceased, and his heirs be and the same is quieted. It is further considered, ordered, adjudged and decreed that the plaintiff pay all costs of this proceeding herein expended.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"It is ordered that court stand adjourned until Friday morning, June 14, 1907, at 9 o'clock.

"Jesse C. Hart, Chancellor."

The appellant brought this suit against the appellees, alleging that he was evicted by virtue of the above decree against his grantor, Cox, and alleging that he had "in proper time notified defendants (appellees) by letter that the suit of one Ona Wardlow was pending" and "asking defendants to come forward and. defend his title, which they wholly failed and refused to do." He alleged a failure of the covenant of warranty, and prayed for damages, etc.

The appellees answered separately, and the evidence was taken on the part of the appellant, and part of the evidence on the part of the appellees, when the appellees moved the court "for peremptory instruction because the judgment of the chancery court upon which the plaintiff claims he was evicted and his title failed was rendered by consent of parties," whereupon the court sustained said motion, and gave the peremptory instruction. Judgment was entered in favor of appellees for costs, and the appellant duly prosecutes this appeal.

*J. N. Rachels* for appellant.

There was sufficient evidence of failure of title to go to the jury; and, the title having failed, a right of action accrued.

*S. Brundidge* and *Grant Green* for appellees.

1. The two decrees are in the same case, bear the same case number, and were rendered at the same time. By reference to the first decree it appears that "by consent of both parties" judgment is given. Cox was a party to this suit. Such being the case, and the decree being rendered by consent of parties, the appellant is estopped from bringing suit to recover on the warranty.

2. The testimony does not show that appellees were notified of the pendency of this suit, and requested to come forward and defend the title, and, before they would be liable upon their warranty, such notice must have been given. 13 Am. & Eng. Enc. of L. 204; 41 N. E. 671; 50 N. E. 41; 83. N. E. 417; 52 Ark. 322.

WOOD, J., (after stating the facts.) 1. The court erred in holding that the decree against appellant cancelling the deeds through which he claimed title from appellees was a consent decree on the part of appellant. The court entered separate decrees against each of the defendants. The one

against Thompson was a consent decree, so far as his rights were affected, but the decree, so far as concerned the rights of the other defendant, appellant here, was not by consent; at least the record does not show that it was a consent decree.

While the appellant and Thompson were joined as defendants, the decree shows that their rights and interests were not identical. Each was affected in a different way by the decree, and the court entered the decree in the form of two separate decrees, in order, doubtless, to mould the remedy to the respective interests of the parties. It was as if there had been separate actions by the same plaintiff against each of the defendants.

Although the decree of record against appellant does not specifically describe the land, it does recite that the cause was heard "upon the complaint with the exhibits," and these do describe the land. When the entire record is considered, there can be no doubt that the decree of the chancery court cancelled the deeds through which appellant claimed title from the appellees, and this was an eviction, provided appellees were notified by appellant to defend that suit.

2. We are of the opinion that it was for the jury to determine whether or not appellees had been notified by appellant to appear and defend in the suit brought against him in the chancery court.

The court erred therefore in directing a peremptory verdict for appellees.

The judgment is reversed; and the cause is remanded for a new trial.