### DENNIS v. LONG.

### Opinion delivered April 9, 1917.

1.  CANCELLATION' OF INSTRUMENTS—FAILURE OF TITLE.—Appellant purchased land with covenants of warranty from appellee, and finding that appellee held under a will, which appellant believed limited the title purchased, brought an action to rescind the purchase.  *Held,* the action was such that equity would take cognizance thereof, and that a demurrer thereto was improperly sustained.

2. WILLS—CONSTRUCTION—EQUITY.—Equity will not entertain a bill brought solely to construe a will.

3. COVENANTS OF WARRANTY—ACTION ON.—An action will not lie for breach of covenant of warranty until eviction.

4. RESCISSION OF CONTRACTS—FAILURE OF TITLE TO LAND.—To entitle a vendee of .land to rescind the purchase for failure of title under a covenant of warranty, he must be deprived substantially of the benefits of his purchase, and rescission will not be decreed for a partial failure which can be compensated in damages.

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*Davies & Davies,* for appellant.

1. The court erred in sustaining the demurrer to the complaint. A clear case for equitable relief was stated. 121 Ark. 482. Where both parties are under a mistake as to the vendor's title, which was supposed to be perfect, but proves void, a court of equity will grant relief. 46 Ark. 337, 349.

2. The complaint stated a good cause of action for equitable relief. The title should have been quieted, or the contract rescinded and plaintiff placed in *statu quo,* with an accounting for rents and profits, improvements and taxes. 121 Ark. 482; 37 *Id.* 286; 87 *Id.* 206; 97 *Id.* 588.

*Mann & Mann,* for appellees.

1. The demurrer was properly sustained. 88 Ark. 1; 3 Pom. Eq. (3 ed.), § 1156.

2. There was no eviction under paramount title. 65 Ark. 495; 17 L. R. A. (N. S.) 1181, and notes. No breach of warranty is alleged nor that the possession of plaintiff is threatened. 121 Ark. 482, is not a case in point. No cause of action is stated.

HUMPHREYS, J. Appellant, James W. Dennis, brought suit in the St. Francis County Chancery Court against E. A. Long and E. A. Long, Jr., for the purpose of cancelling a deed executed by E. A. Long, Sr., on the 6th day of July, 1903, to him for lots 5 and 6 in block 27, in the original town site of Forrest City, Arkansas, and

for the purpose of obtaining a judgment against said Long for $1,700, the consideration paid by him to said Long for the real estate; and for the further purpose of obtaining a construction of the will by which Long obtained title to said real estate.

Appellant alleged that he was the owner of the real estate under deed of warranty from E. A. Long, Sr., and had been in possession thereof since the date of purchase; that at the time he purchased the land, E. A. Long represented that he was the sole owner in fee simple of the land and was willing and did warrant the title to same, but that he was now claiming that he only owned a life estate therein, and that E. A. Long, Jr., was claiming to own the reversionary interest therein, he being the only child of E. A. Long, Sr. Appellant offered to deed the property back to Long and to account for rents upon payment for improvements and repayment of the purchase money with interest. The bill also contained a prayer to have his title quieted as against E. A. Long, Sr., and E. A. Long, Jr., in case the court should hold under the will and deed that he obtained an indefeasible fee simple title to the real estate.

A general demurrer was filed to this complaint on the ground that it did not state facts sufficient to constitute a cause of action against the appellees, or either of them.

The demurrer was sustained, and from the decree dismissing his bill appellant has appealed to this court.

Appellee insists that the bill is for the sole purpose of obtaining the construction of a will disposing of legal estates only, and which makes no attempt to create any trust relations with respect to the real estate in question. If this were the only purpose of the bill, the position of learned counsel for appellees would be sound, for it was said by Mr. Chief Justice HILL, in the case of *Frank* v. *Frank*, 88 Ark. 1, involving a question similar to the one involved here, that "in view of these authorities, and many more which may be found cited by the text writers

and reviewed in the cases mentioned, it was unquestionably the duty of the chancery court to refuse to entertain the bill; and, for the error in entertaining it and rendering a decree construing the will, the decree is reversed, and the cause remanded with instructions to dismiss the bill. * * *"

The sole purpose of this bill, however, is not to obtain a construction of the will. The gist of the bill is for the purpose of rescinding the contract of sale and purchase and for the cancellation of the deed.

The demurrer presents the further question of whether there are sufficient allegations in the bill to constitute a cause of action for rescission.

The main allegation in the complaint upon which appellant hinges his right to a rescission is as follows: "Plaintiff further alleges that at the time he purchased the said land of the defendant, E. A. Long, Sr., the said E. A. Long represented that he was the sole owner in fee simple of the land and was willing and did warrant the title to same, but plaintiff says that if said Long did not have such a title that the plaintiff was defrauded, or at least there was a breach of warranty of title if the defendant, E. A. Long, did not have a good title to said lands in fee simple. Plaintiff says that owing to the fact of the claim of the defendant, E. A. Long, Sr., that he had only a life estate, and the claim also made by the other defendant that he is the owner of the reversion, that the title of the plaintiff is clouded and he is unable to sell the land for any price owing to the uncertainty of his title."

This allegation does not meet the strict requirement of allegations necessary to set aside conveyances of real estate on the ground of fraud. The allegation, however, taken in connection with the allegations pertaining to the will and the relations of the parties, is a sufficient allegation charging that E. A. Long, Sr., or both E. A. Long, Sr., and the appellant, James R. Dennis, were mistaken as to the character of title Long obtained under the

will.  The will devised a life estate only in the lands to E. A. Long, Sr.  *Dempsey* v. *Davis,* 98 Ark. 570.

It is alleged that appellee represented to appellant that he owned a fee simple title to said real estate, and his covenant of warranty clearly indicates that he was attempting to convey a fee simple estate in the lands to appellant.  It is apparent that this representation was made through a mistake of either or both appellee and appellant.  A life estate only having passed from appellee to appellant under the will and by the deed, it is apparent that appellant is deprived of the fruits of his purchase, or, in the language of another, "the substance of the thing he bought."  This court discussed the character of mistakes in matters of law and fact against which courts of equity would relieve, in the case of *Fitzhugh* v. *Davis, Admx.,* 46 Ark. 337.  Many authorities were reviewed in that case, and the court said: "The rule is, To entitle a vendee of land, who has gone into possession under a deed with general covenants of warranty, to rescind on the ground of failure of title, the loss must be of such character as that he is thereby deprived substantially of the benefits of his purchase, but if the beneficial enjoyment of his contract be not materially taken away, and there is only a partial failure of consideration which can be compensated in damages, there is no cause for rescission."

The same principle was recognized in the well considered case of *Reggio* v. *Warren et al.,* 20 Am. & Eng. Ann. Cas. 1244, and 207 Mass. 525.  In that case, it was said by Mr. Justice Sheldon: "But it is now well settled that this rule is not invariably to be applied.  In some cases where great injustice would be done by its enforcement, this has been avoided by declaring that a mistake as to the title to property or as to the existence of certain particular rights, though caused by an erroneous idea as to the legal effect of a deed or as to the duties or obligations created by an agreement, was really a mistake of fact and not strictly one of law, and so did

not constitute an insuperable bar to relief. Again, the learned Justice said: "In other cases, sometimes as a ground of decision and sometimes merely in discussion or argument, it has been said that there is no established rule forbidding the giving of relief to one injured by reason of a mistake of law, but that whenever it is clearly shown that parties in their dealings with each other have acted under a common mistake of law and the party injured thereby can be relieved without doing injustice to others, equity will afford him redress." The rule laid down in *Reggio* v. *Warren, supra,* is supported by the great weight of authority.

Since the will in question vested a life estate only in appellant, the two lots for which he paid $1,700 are rendered almost valueless. It would be next to impossible to ascertain his damages. In fact, a suit will not lie for damages on the covenant of warranty until eviction, and there can be no eviction until after the death of appellee. *Thompson* v. *Brazile,* 65 Ark. 495.

He has no remedy at law unless it be a remote, uncertain remedy. His title is clouded by a reversionary interest and rendered of little or no value and almost unsalable.

The case comes clearly within the equitable doctrine of rescission laid down in the cases referred to in this opinion.

The decree is reversed with instructions to overrule the demurrer and reinstate the bill.