GARROTT *v.* KENDAL.

4-8292                                         205 S. W. 2d 192

Opinion delivered November 3, 1947.

*Cecil B. Nance,* for appellant.

*Hale & Fogleman,* for appellee.

ROBINS, J.   In her unlawful detainer suit against appellant, N. S. Garrott, appellee, Mrs. Leona W. Kendal, was by a jury verdict awarded possession of the lands, $7,560 for rent and $2,027.80 for "special damages." The trial court reduced the amount allowed for rent to $7,000 and entered judgment in favor of William L. Johnson Company, Inc., (which had purchased the lands from appellee, Mrs. Kendal, after this suit was filed) against appellant and his surety for possession of the lands and in favor of appellee, Mrs. Kendal, for $9,027.80 damages. From that judgment comes this appeal.

Appellant urges here no objection to that part of the judgment below whereby appellee recovered possession of the lands.

These two grounds of reversal or modification of the circuit court's judgment are urged here:

1. That the award óf $7,000 for rental was excessive.

2. That the award of $2,027.80 for "special damages" was unwarranted and excessive.

## I.

Appellant had rented the lands involved here, approximately 500 acres adjacent to West Memphis, from appellee and her deceased husband for a number of years up to and including 1945. For each of these years a written rental contract was executed.

In the fall of 1945, appellee, as she testified, refused to rent the lands longer to appellant and entered into a written contract by which she rented same to W. W. Smith for 1946. Appellant, however, claiming he had an oral rental agreement with appellee for 1946, refused to surrender the lands, and cultivated same during the crop year of 1946.

Appellee served "notice to quit" on appellant on January 4, 1946, and on January 17, 1946, instituted this proceeding.

In order to retain possession pending trial appellant executed the statutory bond.

The testimony as to the rental value of the lands was in sharp conflict; but there was testimony of a substantial nature from which the jury might have calculated the rental value of the property to be $7,000 or higher. Therefore, we may not disturb the verdict in this particular.

## II.

After appellee was thwarted in her attempt to obtain the lands in January, 1946, by reason of appellant giving the bond to retain possession thereof, her new tenant, W. W. Smith, sued her for damage accruing to him by reason of her failure to deliver possession to him. In that suit Smith recovered a judgment against her for such damage amounting to $1,608 and $19.80 for costs. She was compelled to expend $200 for attorney's fee in defending

Smith's action against her and $100 for traveling expenses to and from her home in Grand Rapids, Michigan, in attending to the litigation. She thereupon filed an amendment to her complaint, asking recovery of the amount required to pay the judgment in favor of Smith and of costs and traveling expenses amounting to $200 and attorney's fee of $200, incurred in that case.

The principal objection, as to this part of the verdict, is that item of $200 for attorney's fee was improper and should have been withdrawn from the jury.

In support of this contention appellant cites our holding in *Oliphant* v. *Mansfield*, 36 Ark. 191, that upon the dissolution of an attachment, attorney's fees in that suit, incurred by defendants, were not allowable to them as damages. There is no analogy in the situation presented by the Oliphant case and that here. In the case at bar appellant, when demand was made on him, could have surrendered to appellee possession of the demised property and avoided all liability for damages. He chose, however, to retain the lands wrongfully, and, in order to do so, executed a bond whereby he agreed to pay appellee, not only rent on the lands but any damage she might incur by reason of his wrongful withholding. Section 6044, Pope's Digest.

Appellee, acting within her rights, had rented the land for 1946 to Smith, and when appellant, by his wrongful detention, caused appellee to become liable to Smith for breach of her contract to deliver possession to Smith, appellant rendered himself liable for the damages recovered by Smith against appellee and all necessary expenses incurred by appellee in defending the suit. Appellee's outlay in discharging the judgment in favor of Smith and her expenses in defending the case must be held to be damages that proximately flowed from appellant's wrongful detention of the lands. There is no intimation in the record that the judgment of Smith was collusive or excessive or that the attorney's fee claimed by appellee was unreasonable.

It is finally insisted that the item of $200 for traveling expenses incurred by appellee in going to and from her home in Michigan to Crittenden county to attend to the Smith suit was not a proper item of damage. We think the damages allowable to appellee in this case are somewhat analogous to those recoverable on breach of warranty; and in the latter cases we have held that the covenantee is entitled to recover not only his attorney's fees but reasonable expenses incurred in a *bona fide* defense of an action against him. *Beach* v. *Nordman,* 90 Ark. 59, 117 S. W. 785. While, ordinarily, traveling expenses might not be a recoverable item, we cannot say, from the record before us, that such expenses were not, in this particular case, a proper element of damage. Appellee testified that the incurring of this expense was made necessary by appellant's wrongful detention of her lands. She was not cross-examined as to why the incurring of this expense was made necessary by the Smith litigation, nor was her testimony as to this item disputed in any way. However, an examination of her testimony discloses that she did not assert that she made but one trip, costing $100, in her effort to defend the suit brought by Smith. The judgment is therefore excessive in the sum of $100.

It follows that the judgment must be so modified as to reduce appellee's recovery by the sum of $100 and as so modified it is affirmed.