THOMPSON *v.* DILDY.

5-1204                                          300 S. W. 2d 270

Opinion delivered April 1, 1957.

*W. J. Dungan,* for appellant.

*A. L. Burford* and *Yingling & Yingling,* for appellee.

SAM ROBINSON, Associate Justice.   On February 15, 1951, for the consideration of $1,600 plus delay rentals of $320.00 per year, appellant, Vance Thompson, executed to appellee, S. G. Dildy, a lease on one half section of land in Miller County, giving Dildy the right to drill and mine thereon for gas, oil, sulphur and other minerals for a period of ten years.   The lease contains a warranty of title.

On May 12, 1956, Dildy filed this suit against Thompson in Woodruff County, seeking to recover the rent paid under the lease, totaling $2,880.   As a basis for the cause of action Dildy alleges that the title has failed; that Thompson has permitted the land to be sold for delinquent assessments in the McKinney Bayou Drainage District; that Thompson had filed a suit in Miller County to set aside the Improvement District sale but that the suit had been dismissed March 28, 1955, for want of prosecution.   The complaint does not allege that another suit had not been filed or that the time had expired in which such a suit could be filed to set aside the sale; nor does the complaint allege that Dildy or Thompson is not in possession of the land, and does not allege that either of them had been evicted; and the complaint makes no allegation that the land is wild and unimproved.

Thompson failed to answer within twenty days, and the trial court held that under Act 49 of 1955 no answer could be filed subsequent to the 20-day period, and entered a default judgment for Dildy.   We do not reach the question of whether the court erred in ruling that an answer could not be filed, because we have arrived at the conclusion that the complaint does not state a cause of action; hence the court was in error in entering a judgment on the complaint.   The rendition of a judgment by default upon a complaint which fails to state facts sufficient to constitute a cause of action is

reversible error. *Chaffin et al. v. McFadden*, 41 Ark. 42, and *Thompson* v. *Hickman*, 164 Ark. 469, 262 S. W. 20.

Appellant contends that the complaint does not state a cause of action because it is not alleged that there has been an eviction. When this cause came on for a hearing, and the court ruled that the 1955 Act prohibited the filing of an answer at that time, the plaintiff, appellee, proceeded to introduce evidence on which to base a default judgment. The lease agreement was introduced in evidence. Paragraph 14 thereof provides: "Lessor hereby warrants and agrees to defend the title to said land and to the minerals in and under the same. In the event Lessor's title or Lessee's rights under this lease should be disputed by suit or otherwise Lessee shall, during the pendency of such suit or dispute, be relieved from all obligations hereunder whether express or implied and may withhold the payment of royalties. If such suit or dispute be pending at the end of the primary term hereinabove mentioned, Lessee may extend such primary term for one or more successive years by payment of rental as above provided; in no event, however, shall the primary term be extended beyond the end of the year during which such suit or dispute shall have been settled. For the purposes hereof, it shall be considered that such suit or dispute is pending until thirty days after Lessor shall have furnished Lessee satisfactory evidence that such suit or dispute has been settled favorably to Lessee. Lessee shall have the right to acquire or lease the interest of any party in said land and minerals which any such party claims is not covered by this instrument." Paragraph 1 of the lease provides: "The 'primary term' of this lease shall extend from the date of its execution to the close of the last period for which rental, as hereinafter provided, can be paid."

As aforesaid, Paragraph 14 of the lease contains this provision: "In the event Lessor's title or Lessee's rights under this lease should be disputed by suit or otherwise Lessee shall, during the pendency of such suit or dispute, be relieved from all obligations hereunder

whether express or implied and may withhold the payment of royalties." It appears that perhaps the parties anticipated that the very thing might happen which did happen — that is, there might arise a dispute as to Thompson's title, and the lease set out the rights of the parties in the event such a dispute should occur. But, bypassing that point, we come to the issue of whether the complaint states a cause of action.

With some exceptions, the rule is that an action for damages on a covenant of warranty cannot be maintained where there has been no eviction. *Thompson v. Brazile,* 65 Ark. 495, 47 S. W. 299; *Dennis v. Long,* 128 Ark. 420, 194 S. W. 237; *Belleville Land & Lumber Company v. Griffith,* 177 Ark. 170, 6 S. W. 2d 36; *Hamilton v. Farmer,* 173 Ark. 341, 292 S. W. 683; *Smiley v. Thomas,* 220 Ark. 116, 246 S. W. 2d 419.

One of the exceptions to the rule requiring an eviction is where paramount title is in the Government or State. *Belleville Land & Lumber Company v. Griffith,* 177 Ark. 170, 6 S. W. 2d 36; *Abbott v. Rowan,* 33 Ark. 593; *Seldon v. Dudley E. Jones Company,* 74 Ark. 348; 85 S. W. 778; *Smiley v. Thomas,* 220 Ark. 116, 246 S. W. 2d 419. In the case at bar, the complaint does not allege that the State or Government owned the title. True, the complaint alleges that the taxes were delinquent to McKinney Bayou Drainage District for the years 1947 and 1948, and that Thompson permitted the property to be sold to O. P. Leonard for such taxes. But the complaint does not allege the lands are not redeemable, in fact it appears that it was recognized that the property is subject to redemption. Paragraph 4 of the complaint alleges: "That relying on defendant's promise to redeem said premises from said sale and to prosecute suit filed by him against said Leonard on July 6, 1953 in the Miller County, Arkansas, Chancery Court to invalidate said sale, . . ." Apparently it was recognized that the sale to Leonard was perhaps void and lessee accepted lessor's promise to take proper procedure to set the sale aside. There is no allegation in the complaint in the case at bar that the sale to Leonard could not be set aside at the time Dildy filed this suit.

Another exception to the rule is that eviction is not necessary where the land is wild and unimproved, but in the case at bar there is no allegation in the complaint that the land is wild and unimproved. In wild lands, possession follows the legal title. *Seldon* v. *Dudley E. Jones Company,* 74 Ark. 348, 85 S. W. 778; *Jerome Hardwood Lumber Company* v. *Munsell,* 169 Ark. 201, 275 S. W. 709.

It appears that the case of *Thompson* v. *Brazile,* 65 Ark. 495, 47 S. W. 299, is directly in point. There, one Walker sued Mrs. Brazile, claiming the property by virtue of a tax deed. Walker won the case in Circuit Court; but the litigation between Thompson and Mrs. Brazile on a warranty of title was transferred to equity, and there it was held that Mrs. Brazile's complaint against Thompson was not good because eviction was not alleged. In *Van Bibber* v. *Hardy,* 215 Ark. 111, 219 S. W. 2d 435, the situation is entirely different than in the case at bar. In that case, there was an outstanding lease with the lessee in possession. This amounted to an eviction, enabling the purchaser to file suit immediately. And in some cases it has been held that a judgment amounts to an eviction. *Brawley* v. *Copelin,* 106 Ark. 256, 153 S. W. 101, *Beach* v. *Nordman,* 90 Ark. 59, 117 S. W. 785; *Cox* v. *Bradford,* 101 Ark. 302, 142 S. W. 170; *Collier* v. *Cowger,* 52 Ark. 322, 12 S. W. 702, 6 L. R. A. 107.

The complaint in this case does not allege an eviction. It does not allege the title is in the State or the Government. It does not allege the lands are wild and unimproved. It does not allege that Thompson's suit against Leonard was dismissed with prejudice, and does not allege a final judgment that would bar Thompson or Dildy from successfully prosecuting a suit to redeem the property. The complaint therefore does not allege a cause of action for damages on a covenant of warranty.

Reversed.