## BRAWLEY *v.* COPELIN.

### Opinion delivered January 20, 1913.

1. COVENANTS—ERRONEOUS DESCRIPTION.—B. gave A. deed with warranty of title in himself and covenants against encumbrances, for two tracts of land, with a consideration named in the deed. There being a misdescription of one of the tracts, to correct the same B. gave A. a quitclaim deed which referred to the warranty deed and by its terms showed that it was given to correct the mistaken description. A. was then evicted from the latter tract by C., who held a title paramount to that of B. *Held:* The two deeds are to be read together, constituting one contract, and the covenants and warranties made by B. in the first deed apply to the property named in the quitclaim deed. (Page 262.)

2. COVENANTS—SPECIAL WORDS.—Words used in a covenant or deed which are in any manner doubtful, will be taken to operate most strongly against him who made the grant, and when B., on a

printed form, at the end of the printed warranty, interlined the words in ink, "as above set forth," the said words will be taken to apply to the covenants and general warranty in the deed. (Page 261.)

3. SAME—DAMAGES FOR BREACH.—For the purpose of assessing damages for breach of covenants it is competent to show that the real consideration was more or less than that named in the deed, and the damages shall be the proportionate part of the land lost to the real consideration or purchase price. (Page 262.)

4. SAME—SAME.—Under a covenant to warrant and defend title, the covenantee is entitled to recover the costs and necessary expenses incurred by him in a *bona fide* defense or assertion of his title, including reasonable attorney's fees. (Page 263.)

Appeal from Lonoke Circuit Court; *Eugene Lankford*, Judge; affirmed.

STATEMENT BY THE COURT.

This is a suit by appellee against appellant to recover damages for a breach of a covenant of warranty. J. F. Copelin, the husband of appellee, Mrs. Esther Copelin, bought a tract of land from appellant, J. H. Brawley, and had the title taken in his wife's name. The deed is as follows:

Know All Men by These Presents: That I, J. H. Brawley, single man, of Cabot, Arkansas, for and in consideration of the sum of three hundred ($300) dollars, to me in hand paid by Esther Copelin, of Lonoke County, in the State of Arkansas, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey unto the said Esther Copelin and unto her heirs and assigns forever, the following real estate, situated in the county of Lonoke and State of Arkansas, towit: All of lots numbered 1 and 2, and the north half of lot numbered 3, in the northwest quarter of section 6, in township 4 north, of range 9 west, 82 11/100 acres. Also all of the northwest quarter of the southwest quarter of section 12, in township 4 north, of range 10 west, 37 57/100 acres, containing in all 119 68/100 acres. This land was bought by me for tax at a tax sale on the 10th day of June, 1901, and deeded to me by J. S. Ford, county clerk, 16th day of July, 1903.

The 82 11/100 tract was recorded October 8, 1903, record book 51, page 226, the 37 50/100 that same day, record book 51, page 224. These facts I warrant and defend against all claims.

To have and to hold the same unto the said Esther Copelin and unto her heirs and assigns forever, with all the privileges and appurtenances thereto belonging.

And I hereby covenant with the said Esther Copelin and her heirs and assigns that I am lawfully seized in fee of the aforesaid premises; that they are free from all encumbrances; and that I have good right to sell and convey the same to the said Esther Copelin as aforesaid, and that I will, and my heirs, executors and administrators shall forever warrant and defend the title to said real estate against all lawful claims and demands whatsoever, as above set forth.

Witness my hand and seal on this 27th day of October, 1904.

J. H. Brawley (Seal).

The deed was duly acknowledged and recorded. Subsequently it was discovered that a mistake had been made in the description of the thirty-seven-acre tract and a quitclaim deed was executed by appellant to appellee on the 23d day of January, 1909, to correct the mistake. This land was described in the first deed as being in township four when it should have been described as in township three. F. E. Strangways brought suit against appellee for this tract of land and appellee was ousted and evicted of it under a paramount title. J. F. Copelin testified:

I exchanged a pair of mules for the land conveyed to my wife by appellant. We agreed on a consideration of three hundred dollars and it was so expressed in the deed. On cross examination he testified that while the mules were not priced except by stating the consideration at three hundred dollars in the deed, yet he had never offered to take less than three hundred dollars for the mules. He denied that two hundred and twenty-five dollars was the real consideration, and denied that the

thirty-seven-acre tract was valued at fifteen dollars. He states that the price of the whole tract was three hundred dollars and that the two tracts were not valued sep- arately.

The record shows that appellee paid an attorney's fee of twenty-five dollars to defend the suit brought by Strangways.

Appellant, J. H. Brawley, testified: I first agreed to exchange the eighty acres described in the deed with Copelin for a pair of mules valued at two hundred and twenty-five dollars, and I was to pay fifteen dollars to obtain a quitclaim deed from a third party to the land. Finally it was agreed that I should put in the thirty- seven-acre tract in lieu of expending the fifteen dollars for the quitclaim deed and Copelin was to obtain and pay for the quitclaim deed himself. It was agreed between us that the thirty-seven-acre tract should be valued at fifteen dollars. I executed the deed exhibited with Mr. Copelin's testimony and at his suggestion three hundred dollars was named as a consideration but, as above stated, the pair of mules valued at two hundred and twenty-five dollars was the real consideration. I in- tended to make the deed a special warranty deed. The form used was an ordinary printed blank form for a war- ranty deed and at the end of the warranty clause I wrote in ink "as above set forth." I meant by that that I had previously stated in the deed that I had purchased the land at tax sale and that I only warranted against that sale. The thirty-seven-acre tract was low, wet land, and was only worth fifteen dollars. It was unfit for culti- vation and was only valuable for the timber that was on it. The commercial timber had been cut off and the tim- ber on it was only fit for use as firewood. I wrote the deed and the misdescription in it was an error. I after- wards executed a quitclaim deed for the purpose of cor- recting the description. I am a practicing attorney and write a good many deeds. I offered to pay Copelin back the fifteen dollars agreed upon as the price of the thirty- seven acres and to pay all taxes and interest up to the

time I made this tender. This statement is, however, denied by Copelin.

There was a verdict and judgment for the appellee in the sum of $83.60 with interest included and twenty-five dollars for attorney's fees.

The case is here on appeal.

*Trimble, Robinson & Trimble,* for appellant.

1. Under the testimony no other reasonable construction can be placed upon the deed than that appellant only intended to give a special warranty.

2. The measure of damages ·on account of the breach of warranty, if any is shown, could only be the amount of the purchase price paid for the land, with interest. 54 Ark. 195.

*James B. Reed* and *Terry, Downie & Streepey,* for appellee.

1. Appellant gave a general warranty deed. "In construing a covenant of warranty it must be considered in reference to the context and be performed according to the context and be performed according to the spirit and intention of the parties. If it is ambiguous it should be *construed to operate most strongly against the grantor.* 1 Ark. 325; 17 W. Va. 1228. Appellant failed to raise this question in the lower court and should not be permitted to raise it here for the first time. He should have pleaded it as a defense. 94 Ark. 390, 392, and cases cited.

The quitclaim deed did not affect the original warranty. A covenant of warranty in a deed is a separate contract. 44 Ark. 153, 160; 39 So. (Ala.), 350.

2. The jury followed the correct rule with reference to the measure of damages. 59 Ark. 210-211; 90 Ark. 63; 11 L. R. A. (N. S.), 1195.

HART, J., (after stating the facts). The deed recites: "This land was bought by me for tax at a tax sale on the 10th day of June, 1901, and deeded to me by J. S. Ford, county clerk, 16th day of July, 1903.

"The 82 11/100 tract was recorded October 8, 1903, record book 51, page 226, the 37 50/100 that same day,

record book 51, page 224. These facts I warrant and defend against all claims." And at the end of the printed warranty, appellant wrote in ink "as above set forth."

It is the contention of appellant that he only intended to give a special warranty to the effect that he had purchased the tract of land at the tax sale on June 10, 1901, and that the land had been deeded to him under and by virtue of said sale by the county clerk. We can not agree with appellant in his contention. The words "as above set forth" in the connection in which they appear in the deed show that they had reference to the covenants of warranty. At most it can only be said that the meaning is ambiguous. In the case of *Gaster* v. *Ashley*, 1 Ark. 325, the court said, there is a legal presumption that if words be used in a covenant or deed which will admit of two interpretations or are in any manner doubtful, they shall be taken to operate most strongly against him who made the grant. The rule applies with especial force in a case like this where the grantor of a deed was a practicing lawyer and wrote the deed himself. Moreover, the grantor conveyed the lands by the words "grant, bargain and sell," and we do not think that the deed contains any express words limiting their force. Therefore, under our statute, they were a covenant of appellant with appellee that the land was free from encumbrances done or suffered by him. *Gibbons* v. *Moore*, 98 Ark. 501; *Crawford* v. *McDonald*, 84 Ark. 415; *Benton County* v. *Rutherford*, 33 Ark. 640.

In the instant case appellee was evicted because of a paramount title in a third party and the effect of the judgment was to hold that appellant never had any title to the land.

This action was brought to recover damages on a breach of covenant of warranty on a sale of land by appellant to appellee, the title having failed. The undisputed evidence shows that there was a mistake in the description of the land in the first deed and that a quitclaim deed was subsequently executed to correct this mistake. In the case of *Bagley* v. *Fletcher*, 44 Ark. 153,

the court said: "In fact, the covenants in a deed constitute no part of the conveyance but are separate contracts. The title passes independently of them." Therefore, the covenants of warranty are not affected by the erroneous description which was subsequently corrected by the execution of the quitclaim deed. The quitclaim deed refers to the warranty deed and by its terms shows that it was executed to correct the mistake of description made in the first deed. Therefore the two deeds constitute one contract, and are to be read together.

On the question of the measure of damages for a breach of warranty, in the case of *Alexander* v. *Bridgford,* 59 Ark. 195, the court said: "It is competent to show the real consideration to be more or less than that mentioned in the deed, although the recital that there was a consideration can not be contradicted. But, where the covenantee's title is entirely defeated by the encumbrance being changed into a title adverse and indefeasible, the plaintiff is entitled to recover the money paid for the land with interest (cases cited). * * * 'Yet the purchaser is not required to buy in the encumbrance, though it be offered to him on moderate terms.' *Miller* v. *Halsey,* 2 Green, 48 (N. J. L.). When the encumbrance is changed into a title adverse and indefeasible, the criterion of recovery, if less than the whole land is lost, is so much of the consideration paid as is proportioned to the land lost. *Hunt* v. *Orweg,* 17 B. Monroe, 85."

It will therefore be seen that the jury followed the correct rule in determining the damages sustained by appellee for the breach of covenant of warranty by taking the proportionate part of the land lost (one-third) to the real consideration or purchase price, two hundred and twenty-five dollars.

Under the rule in the above case appellee was not required to purchase the outstanding title even though it was offered on reasonable terms. It was the duty of appellant to protect the title which he had given to appellee. The judgment of the jury included twenty-five dollars for attorney's fees, which the testimony shows was expended by appellee in defending the suit brought

by Strangways, and which was shown to be a reasonable
fee. This appellee was entitled to recover under the rule
laid down in the case of *Beach* v. *Nordman,* 90 Ark. 63.
In that case the court said:

"The appellant's covenant of warranty had failed
when this court adjudged the right of the title and pos-
session of the lands in the chancery court to be in Robin-
son. *Robinson* v. *Nordman,* 75 Ark. 595. Appellee was
not required to await the filing of the mandate before he
could maintain the present suit. In law he had been
evicted (2 Warvelle on Vendors, § 977, and authorities
to this point in appellee's brief). * * * Under a covenant
to warrant and defend the title, the costs and necessary
expenses incurred by the covenantee in a *bona fide* de-
fense or assertion of his title are recoverable in an action
by him against the covenantor for breach of his war-
ranty. Necessary expenses would include reasonable at-
torney's fees and other actual expenses paid by the cove-
nantee in a *bona fide* but ineffectual effort to uphold the
title which he has acquired from the covenantor."

Therefore, the judgment will be affirmed.