LEE LINE STEAMERS *v.* TUCKER.

Opinion delivered April 6, 1914.

1. CARRIERS—FREIGHT—DELIVERY TO WAREHOUSEMAN—CONVERSION.—A steamboat company is not liable for the conversion of a shipment of freight, which was delivered at the place of destination, in good order, to a warehouseman, to hold for the consignee. (Page 303.)

2. CARRIERS—MISROUTING SHIPMENT—DELIVERY AT DESTINATION.—A carrier will not be held liable for the conversion of a shipment of goods, which are misrouted, when the same are delivered at the place of destination, and held for the consignee, and are in no way damaged. (Page 304.)

3. CARRIERS—SHIPMENT OF GOODS—PERFORMANCE OF CONTRACT—DUTY TO RESHIP.—Where a carrier has performed its contract by delivering a shipment of freight at its place of destination, although the freight was shipped by a route other than that usually followed, no duty is imposed on the carrier to reship the freight to the point of shipment, free of charge. (Page 304.)

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver,* Judge; reversed and dismissed.

*E. L. Westbrook,* for appellant.

1. The Lee Line discharged its contract and its liability ceased when it delivered the goods at Cairo. If there is any liability it is from the wharfboat company. 20 Mo. App. 206; 29 Fed. 184; 88 Ala. 443; 10 L. R. A. 415. No notice was given of loss or damage. 67 Ark. 407. This was a reasonable stipulation. 63 Ark. 335; 70 *Id.* 401; 79 *Id.* 470; 82 *Id.* 353; 89 *Id.* 404; 90 *Id.* 308.

2. If any one was liable it was the wharfboat company. 20 Mo. App. 206; 29 Fed. 184; 88 Ala. 443; 10 L. R. A. 415; 105 Ark. 53; 91 *Id.* 422; 90 *Id.* 161; 78 *Id.* 123.

*S. L. Gladish,* for appellee.

1. There is no error in the court's charge to the jury, and the verdict is sustained by the evidence. 17 L. R. A. 688; 67 Ark. 407.

2. Having received the goods for carriage, the carrier became responsible for safe carriage against all accidents except the act of God and the public enemy, and for delivery to the proper party. 90 Ark. 528.

3. The goods were carried out of the regular course. 23 S. E. 77; 36 Cyc. 232; *Ib.* 257.

4. The failure to deliver was a conversion. 6 Cyc. 474; 138 S. W. 808, 809; 98 Pac. 659; 21 L. R. A. 121; 72 N. W. 538.

5. The goods should have been returned. 90 Ark. 530.

6. Even though some of the instructions were not correct, the judgment is right and should not be reversed. 64 Ark. 237; 46 *Id.* 542; 44 *Id.* 556; 10 Ark. 9.

McCULLOCH, C. J. Appellant is a public carrier maintaining a line of steamboats on the Mississippi River between Memphis and Cairo.

The appellee, Mrs. Tucker, delivered a lot of her household effects to the carrier at Nodena, a steamboat landing south of Osceola, for transportation to Cairo,

and this is an action instituted before a justice of the peace to recover the sum of $236, the value of said household effects alleged to have been lost or converted by the carrier.

She recovered judgment below for the full value of the property as claimed by her.

The facts of the case, so far as they relate to the liability of appellant, are undisputed. In the latter part of the month of August, 1911, appellee carried her household effects to the landing or warehouse at Nodena for the purpose of shipping them on one of appellant's boats to Cairo. The goods were picked up by one of appellant's southbound boats and carried to Memphis, and thence reshipped over another boat to Cairo, and there delivered to the Halliday-Phillips Wharfboat Company, a corporation engaged in the steamboat warehouse business at Cairo. The goods remained there until the day of the trial of this case, it being proved by those in charge of the warehouse that the goods were held there for the consignee and were in good condition.

Upon this state of facts it is clear that appellant is not liable in an action to recover the value of the goods. The goods have not been lost, nor has appellant converted them to its own use. The contract of shipment was carried out by a delivery to a warehouseman for the consignee at the point of destination.

Evidence was adduced by appellee to the effect that repeated inquiry had been made at the warehouse for the goods and the information given that the goods were not there; but, according to the undisputed evidence in the case, the goods were delivered to the warehouseman, and if there is any liability for the delay in delivery to the consignee the right of action is against the warehouseman, and not against the carrier.

The evidence tends to show some delay in transporting the goods, but no damage is proved on account of that delay, the effort being in the case to recover the full value of the goods as if there had been a conversion thereof.

This court has decided that "the failure to deliver the goods within a reasonable time by the carrier is only a breach of the contract of carriage, and the carrier is liable for the damages incurred by reason of the delay; but the owner can not refuse to accept the goods on account of the unreasonable delay in the carriage and sue for a conversion." *St. Louis, I. M. & S. Ry. Co.* v. *Mudford,* 44 Ark. 439; *Chicago, R. I. & P. Ry. Co.* v. *Pfeifer,* 90 Ark. 524. See, also, 3 Hutchinson on Carriers (3 ed.), § 1372.

There is also some evidence that the shipment was misrouted, in that it was taken from Nodena to Memphis and thence back to Cairo.

Appellant undertakes to show that Nodena was not a landing at which through boats stopped, and that it was necessary to carry the freight by local boat from Nodena to Memphis and then reship it on a through boat to Cairo.

But even if the goods were misrouted, appellant would not be liable for a conversion if the goods were safely carried to the destination by another route and held for the consignee and no damages, in fact, resulted from the misrouting.

Appellee relies upon authorities holding that "carriers by water are bound to pursue the usual course of navigation, and if they deviate, and a loss ensue while they are out of the course, they are responsible, even though it be caused by inevitable accident." (36 Cyc. 257); but that rule has no application here for the reason that no damages resulted from the carrier failing to pursue the usual course of navigation, even if it be conceded that there was sufficient evidence to establish that fact.

Counsel for appellee also rely upon the case of *Chicago, R. I. & P. Ry. Co.* v. *Pfeifer, supra,* where the carrier, after unreasonable delay, disposed of the goods, and we held that that constituted conversion.

Here there has been no improper disposition of the goods by the carrier. They were delivered, as before stated, to a warehouseman at the point of destination, to

be held for the consignee, and according to the undisputed evidence the goods are still being held there in good condition.

The evidence shows that appellee demanded of the carrier that the goods be reshipped from Cairo to Osceola, and that if found to be in good condition they would be accepted there; but she refused to pay the freight, and appellant, as it had the right to do, declined to reship the goods without payment of the freight charges for the reshipment. Inasmuch as the carrier had performed its contract by delivering the goods at the destination, it was not bound to reship them to any other point free of charge.

Our conclusion therefore is that there is no liability established in this case, and that the court should not have submitted the issues to the jury. The judgment is, therefore, reversed and the cause dismissed.