## LANE *v.* STITT AND REED.

### Opinion delivered March 15, 1920.

1. COVENANTS—MEASURE OF DAMAGES.—The measure of damages for breach of warranty of title where the title to only part of the land conveyed has failed is so much of the consideration paid as is proportioned to the value of the land lost, with interest.

2. COVENANTS—DAMAGES—BURDEN OF PROOF.—The burden is on the grantee to prove the value of the portion of the tract conveyed to which the title had failed, as no presumption can be indulged that the particular lands to which the title failed were of the same proportionate value as the other lands embraced in the conveyance.

Appeal from Drew Chancery Court; *E. G. Hammock,* Chancellor; affirmed as to Stitt; reversed as to Reed.

*Henry & Harris,* for appellant.

The cause did not stand for trial on the day it was heard and decree entered. The case was prematurely heard. Kirby & Castle's Digest, § 7631; act 290, Acts 1915, § 12; K. & C. Dig., §§ 6111-6112; 126 Ark. 25; 127 *Id.* 102.

2. Title should not have been invested in appellee Stitt. 39 Ark. 580; 42 *Id.* 215; 109 *Id.* 281; Kirby's Digest, § 2745. There was no evidence that title was in Stitt's father at the time of his death.

3. The judgment against appellant is grossly excessive.

*J. W. Kimbro,* for appellee Reed.

1. The cause properly stood for trial on the day it was heard. Act 290, Acts 1915, § 1.

2. It was the duty of appellant to defend her title and make her waranty to appellee Reed good. Stitt should not be allowed to redeem under the proof, but if allowed to redeem there was no error to vesting title in Stitt as against Mrs. Lane and John H. Reed. Reed's title was good by adverse possession except as against one under disability. To allow Stitt to redeem without settling the matter of title as to all parties would mean more litigation. Where equity takes jurisdiction for one purpose, it should retain it and settle all the rights of the parties. 105 Ark. 558; 75 *Id.* 52; 114 *Id.* 206; 113 *Id.* 100.

3. The findings of the chancellor should not be disturbed unless against the clear preponderance of the evidence. 72 Ark. 67; 95 *Id.;* 99 *Id.* 428; 125 *Id.* 572.

*E. E. Hopson* and *R. W. Wilson,* for appellee Stitt.

The case was not prematurely heard and the decree is right. 41 Ark. 153.

Smith, J. Appellee Stitt instituted this action soon after he came to full age of maturity to redeem from a tax sale certain lands which had been sold during his minority. He claimed title to the land by inheritance from his father. Appellant, Mrs. M. A. Lane, who was defendant below, is Stitt's grandmother, and she conveyed the lands to Stitt's father in his lifetime. She purchased the land at a tax sale and sold and conveyed the same, together with other lands which she owned, to John H. Reed, who was made a defendant in this action. The tract of land for which Stitt seeks redemption amounts to 120 acres in Drew County, and the deed executed by appellant to Reed conveyed this tract claimed by Stitt and also 100 acres additional in the same county. Reed filed an answer denying the allegations of the complaint bearing on the right of Stitt to redeem the land, and also made his answer a cross-complaint against appellant for recovery of damages for breach of the covenant of warranty. The deed executed by appellant to Reed recited a cash consideration of $1, but the proof in

the case shows that the real consideration was the payment of the sum of $400, as evidenced by Reed's note to appellant, and also a used automobile, which Reed testified was valued at the sum of $1,500.

The cause was heard by the chancellor on a day of the regular term, but in the absence of appellant or her attorneys, and a decree was rendered in favor of Stitt for the redemption of said lands from the tax sale, and also in favor of Reed against appellant for the damages which were fixed at what was found to be the consideration for the deed, $1,932, including the alleged value of the automobile, apportioned to the relative quantity of land embraced in the deed from appellant to Reed.

It is contended in the first place that the decree should be reversed for the reason that the cause was prematurely heard by the chancellor in the absence of appellant and her attorney. Appellant appeared in court after rendition of the decree and moved to set it aside, but the court overruled the motion.

The right of Stitt to redeem the land from the tax sale is established beyond dispute by the pleadings as well as the proof in the case, and the error in prematurely hearing the cause would not be material. Appellant's own testimony shows that Stitt claims title through his father under a deed from appellant. Therefore, the court was correct in divesting the title under the tax sale and revesting the title in Stitt.

So far as related to the controversy between appellant and Reed, we have reached the conclusion that the cause should be reversed on other grounds; therefore, it is unnecessary to pass on the question of prematurity of the hearing by the chancellor.

We are of the opinion that this branch of the case should be reversed for the reason that the proof was not sufficiently definite to support it. There was no testimony introduced concerning the relative value of the different tracts of land embraced in the deed from appellant to Reed. The only testimony on that subject was the following statement of Reed himself in response to an

inquiry from his counsel as to the relative value of the different tracts of land:

"Personally, I have never seen the lands; but I am advised that a considerable portion of the tract is undesirable; therefore, I don't know whether the portion set forth as containing 120 acres is the better or worse. Relative to the cost on 120 acres above mentioned, this was specifically included in the 220-acre tract, no division being made, or proportionate cost estimated."

It has been decided by this court that in a suit for breach of warranty of title where the title to only a portion of the land conveyed fails, the measure of damages "is so much of the consideration paid as is proportioned to the value of the land lost, with interest." *Alexander* v. *Bridgford,* 59 Ark. 195. To the same effect see *Walker* v. *Johnson,* 13 Ark. 522. This is in accord with the general rule prevailing elsewhere. 2 Warvelle on Vendors, p. 1174.

It is an elemental rule of evidence that the burden of proof rests on the party seeking to recover damages to prove the extent of his loss or injury. *St. L., I. M. & S. Ry. Co.* v. *Mudford,* 44 Ark. 439. The facts of the present case present no exception to that general rule, as no presumption can be indulged that the particular lands to which the title failed were of the same proportionate value as the other lands embraced in the conveyance. It devolved on Reed to prove his damages by showing how much of the consideration is apportionable to the land lost. He failed to adduce any proof whatever on that subject.

The proof as to the value of the automobile is far from satisfactory, but since the decree is to be reversed on the other ground mentioned above, and on another hearing below the proof on this subject can be made more definite, we will not at this time pass on the question of the legal sufficiency of the proof as to the value of the automobile.

The decree in favor of Stitt is affirmed, but the decree over in favor of Reed against appellant is reversed

and the cause remanded for further proceedings not inconsistent with this opinion, the parties being allowed to adduce additional proof on the issues involved between them.