Bobby PROFFITT and Mary PROFFITT *v.* Arthur ISLEY and Bonnie ISLEY, et al.

CA 84-104                                    683 S.W.2d 243

Court of Appeals of Arkansas
Division II
Opinion delivered January 23, 1985

*Marc I. Baretz,* for appellant.

No brief filed for appellees.

MELVIN MAYFIELD, Judge. In 1974 Bobby and Mary Proffitt sold one and one-half acres of real estate to Truman and Earline Atkinson, who sold it to Shirley Carter in 1978,

who sold it to Arthur and Bonnie Isley in 1980. About two months after the Isleys bought it they discovered that the land had been mortgaged by the Proffitts and that the mortgage was still outstanding. The Isleys sued Carter, the Atkinsons, and the Proffitts for damages based on the general warranties in the warranty deeds. The jury held for the Atkinsons and Carter, but held the Proffitts liable to the Isleys for $4,390.78 representing the unpaid balance on the mortgage plus interest and costs. The Proffitts appeal. We reverse.

The usual covenants of title in a general warranty deed are the covenants of seisin, good right to convey, against incumbrances, for quiet enjoyment and general warranty. An incumbrance is any right to an interest in land which may subsist in third persons, to the diminution of the value of the land, not inconsistent with the passing of title. Examples of incumbrances are an outstanding lease, a timber deed, dower, an easement, and a mortgage. P. Jones, *The Arkansas Law of Title to Real Property*, §§ 383, 386 (1935). In *Logan* v. *Moulder*, 1 Ark. 313, 320 (1839), the court said:

> The covenants of seisin, and of the right to convey, and against incumbrances, are personal covenants, not running with the land, nor passing to the assignee, but are declared to be mere *choses in action*, not assignable at common law. The covenants of warranty, and of quiet enjoyment, are in the nature of a real covenant, and run with the land, and descend to the heirs, and are made transferable to the assignee.

In 7 G. Thompson, *Thompson On Real Property* § 3185 at 303 (Repl. 1962), the *Logan* case is cited in support of the general rule that a covenant against incumbrances is not assignable and does not pass to a grantee. Since the covenant against incumbrances is personal between the grantor and the grantee, the remedy for a remote grantee, when the incumbrance has not been removed from the property, is against his immediate grantor, whose recourse is against his grantor and so forth back up the chain of title to the original grantor whose conveyance breached the war-

ranty against incumbrances. However, the covenant of general warranty may be breached where steps are taken to enforce an incumbrance. *See The Arkansas Law of Title to Real property, supra,* § 388 at 247. *See also Brawley* v. *Copelin,* 106 Ark. 256, 153 S.W. 101 (1913), and *Thompson* v. *Dildy,* 227 Ark. 648, 300 S.W.2d 270 (1957).

With some exceptions, not applicable here, unless the covenantee is evicted or has satisfied the outstanding incumbrance, he may only recover nominal damages. *See Thompson* v. *Dildy, supra; Van Bibber* v. *Hardy,* 215 Ark. 111, 219 S.W.2d 435 (1949). In *Smith* v. *Thomas,* 169 Ark. 1110, 278 S.W. 39 (1925), the court stated:

> The measure of damages for the breach of a covenant against incumbrance is the amount necessary to remove the incumbrance, not exceeding the consideration expressed in the deed containing the covenants of warranty, and ordinarily the covenantee cannot recover on the mere existence of the incumbrance but must first discharge it by payment, unless he has actually lost the estate in consequence of the incumbrance. In 7 R.C.L. p. 1104, the rule is stated as follows: "In a number of jurisdictions it has been held that, although a covenant against incumbrances, like a covenant of seisin, is broken if at all as soon as made, yet the covenantee can found no right to actual damages on the mere existence of incumbrances, but will be limited to a nominal recovery, unless he has paid off the incumbrance or actually lost the estate in consequence of it."

In the present case the appellees had incurred no expense because of the outstanding mortgage on the property, and the mortgagee had made no effort to either evict appellees or foreclose on the property. Therefore, appellees' only cause of action was a technical breach of the covenant against incumbrances which could be brought against their grantor, Carter, with the recovery of only nominal damages.

Therefore, the judgment against the Proffitts is reversed and dismissed.

COOPER and GLAZE, JJ., agree.