Richard C. TURNER and Jane A. Turner *v.* James
EUBANKS and Charlotte Eubanks

CA 88-22                                         759 S.W.2d 37

Court of Appeals of Arkansas
Division II
Opinion delivered October 26, 1988

*Hilburn, Calhoon, Harper & Pruniski, Ltd.*, by: *Greg Stephens*, for appellants.

*Stripling & Morgan*, by: *Dan Stripling*, for appellees.

MELVIN MAYFIELD, Judge. Appellants, Richard and Jane Turner, appeal a decision of the Van Buren Chancery Court holding them liable for an amount found due on the purchase price for land deeded to them by the appellees.

On July 16, 1979, the appellants purchased 229.78 acres from the appellees, James and Charlotte Eubanks, for $151,703.00. In December 1983, James Canady won an adverse possession action for 0.94 acres of this land. In July 1984 appellants paid appellees the balance due on their mortgage but withheld $1,703.00 as reimbursement for the fraction of an acre lost to Canady. The appellees refused to release the mortgage,

and on July 3, 1986, the appellants filed this suit seeking damages for breach of the warranty contained in their warranty deed.

Appellees answered denying the allegations in the complaint and affirmatively pleading the defense of laches. In addition, they filed a counterclaim for foreclosure. In defense to the counterclaim, the appellants pleaded the affirmative defenses of estoppel, fraud, unclean hands, adequate remedy at law and unjust enrichment. Shortly before trial, appellants filed a pre-trial brief in which they stated that absent fraud, which they admitted they could not prove, the statute of limitations had run on their breach of warranty claim. They alleged, however, that their right of action on that claim could still serve as a recoupment or setoff to the counterclaim. This assertion was brought to the attention of the judge prior to trial; later, an order was filed amending the pleadings to conform to the proof. Appellees' counsel argued to the trial court that the affirmative defense of setoff or recoupment was not available to appellants because they were the moving parties, i.e., plaintiffs, in the action and setoff or recoupment could not be utilized as a defense to a counterclaim. The trial court agreed, and judgment was entered against appellants for $1,703.00 plus interest, and foreclosure was granted.

On appeal, appellants argue the trial court erred in ruling that setoff applied only to defendants and not to counterdefendants. They contend there should be no distinction between a defendant and a counterdefendant because there is no substantive difference between a cause of action brought by a plaintiff as opposed to one brought by a counterplaintiff. It is appellants' argument that both are governed by the Arkansas Rules of Civil Procedure; that Rule 8(a) treats all claims for relief in an identical manner and states that a "pleading which sets forth a claim for relief, *whether a complaint, counterclaim, crossclaim or third party claim*, shall contain . . . ." (Emphasis added.) Furthermore, they point to Ark. R. Civ. P. 12(b), which deals with defenses and objections and provides: "Every defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third party claim, shall be asserted . . . ." Appellants contend the only distinction to be found between a defendant and a counterdefendant is the manner in which the party must be served with summons.

■■ The usual covenants of title in a general warranty deed are the covenants of seisin, good right to convey, against incumbrances, for quiet enjoyment and general warranty. *Logan v. Moulder*, 1 Ark. 313, 320 (1839); *see also Proffitt v. Isley*, 13 Ark. App. 281, 283, 683 S.W.2d 243 (1985). Our research has convinced us that while the parties stipulated that the statute of limitations had run on the covenants contained in the warranty deed, it had actually run only on the covenants of seisin, right to convey and incumbrances. We believe the five-year statute of limitations on quiet enjoyment and general warranty did not begin to run until appellants were evicted, and this occurred on January 13, 1984, when the decree in Canady's suit against appellants for adverse possession was entered. However, we are bound by the stipulation of the parties and it would serve no purpose to discuss our research with regard to the covenants in the deed and the periods of limitations applicable to each. Therefore, we return to the appellants' argument that even though the statute of limitations had run on their breach-of-warranty claim, that claim can still serve as an affirmative defense of setoff or recoupment in response to appellees' counterclaim.

■ Arkansas Code Annotated § 16-56-102 (1987) (formerly Ark. Stat. Ann. § 37-233 (Repl. 1962)) provides:

Applications of limitations — Setoffs.

The provisions of this act shall be deemed and taken to apply to the case of any demand alleged by way of setoff on the part of any defendant, either by plea, notice, or otherwise. However, any demand, right, or cause of action, *regardless of how it may have arisen*, may be asserted by way of setoff in any action to the extent of the plaintiff's demand. [Emphasis added.]

In *Little Rock Crate & Basket Co. v. Young*, 284 Ark. 295, 681 S.W.2d 388 (1984), the court reviewed the history of this statute, as follows:

First, the setoff. In our view, the answer to the question posed in our first paragraph [When a plaintiff brings suit upon a claim arising from a certain transaction, may the defendant successfully assert a setoff that arose from a different transaction and was barred by limitations

when the plaintiff's cause of action accrued?] is discoverable from the language and legislative history of the statute, now compiled as Ark. Stat. Ann. § 37-233 (Repl. 1962). The original statute was enacted in 1838 as Section 33 of Chapter 91 of the Revised Statutes. The preceding 32 sections of that chapter had covered most aspects of the law of limitations, but had not mentioned setoffs. Section 33 treated that subject, as follows:

> The provision of this act shall be deemed and taken to apply to the case of any debt or simple contract alleged by way of set-off, on the part of any defendant, either by plea, notice, or otherwise.

284 Ark. at 296. *See also Stewart* v. *Simon*, 111 Ark. 358, 163 S.W. 1135 (1914), and *Soudan Planting Co.* v. *Stevenson*, 94 Ark. 599, 128 S.W. 574 (1910). Through the years the legislature has revised the statute in response to judicial decisions. No longer is a setoff allowed only when the case involves a contractual debt or arises out of the same transaction. Currently, "*any* demand, right, or cause of action, *regardless of how it may have arisen*, may be asserted by way of setoff in *any* action to the extent of the plaintiff's demand." Ark. Code Ann. § 16-56-102 (1987) (emphasis added). *See also Jones* v. *Jones*, 22 Ark. App. 179, 737 S.W.2d 654 (1987). We perceive no logical reason why a setoff should not serve as an affirmative defense to a counterclaim as well as to an original complaint, a crossclaim or a third-party claim. Setoff is specifically listed among the affirmative defenses enumerated in Ark. R. Civ. P. 8(c), which provides, in pertinent part:

> In responding to a complaint, *counterclaim*, crossclaim or third party claim, a party shall set forth affirmatively . . . set-off. . . and any other matter constituting an avoidance or affirmative defense. [Emphasis added.]

Appellees argue, however, that even if the appellants' claim could otherwise be used as a setoff to the appellees' claim, it cannot be used for that purpose in this case because of laches. Appellees rely on the principles summarized in *Briarwood Apartments* v. *Lieblong*, 12 Ark. App. 94, 671 S.W.2d 207 (1984), as follows:

The doctrine of laches is based on a number of equitable principles, and here it is based on the assumptions that the party to whom laches is imputed has knowledge of his rights and an opportunity to assert them, that by reason of his delay the adverse party has good reason to believe those rights are worthless [or] have been abandoned, and that because of a change of conditions or relations during this delay it would be unjust to the latter to permit him to assert them. *Rhodes* v. *Cissell*, 82 Ark. 367, 101 S.W. 758 (1907). Laches is a species of estoppel and rests upon the principle that if one maintains silence when in conscience he ought to speak, equity will bar him from speaking when in conscience he ought to remain silent. *Page* v. *Woodson*, 211 Ark. 289, 200 S.W.2d 768 (1947). It is the unreasonable delay of the party seeking relief under such circumstances as to make it unjust or inequitable for him to seek it now. *Langston* v. *Langston*, 3 Ark. App. 286, 625 S.W.2d 554 (1981). These equitable principles are premised on some detrimental change in position made in reliance upon the action or inaction of the other party. The length of time after which inaction constitutes laches is a question to be answered in the light of the facts presented in each individual case.

12 Ark. App. at 99-100.

Applying these principles to the facts of the case at bar, we cannot agree with appellees' assertion that appellants were guilty of laches. Appellees argue that when appellants built a fence on the surveyed boundary line between their property and the Canadys' property they did not advise appellees that the fence was being constructed beyond a fence built by Canady. They also contend that in 1981, when Canady filed his adverse possession suit, appellants filed an answer but failed to file a third-party complaint bringing the appellees into the suit. Appellees insist that had they been made a party they could have negotiated with Canady, pressed their own claim for adverse possession against Canady, and at least defended Canady's cause of action. They also maintain that they were extremely prejudiced because the appellants failed to attend the December 1983 trial by which Canady obtained title to 0.94 acres of the land conveyed to appellants by appellees. Appellees point out that it was not until

July 3, 1986, that appellants brought the present suit for breach of warranty against appellees.

■ However, the record shows that when appellant Richard Turner was served with the summons in Canady's suit he notified appellee James Eubanks of the dispute he was having with Canady over the property line. Mr. Turner testified he told Mr. Eubanks that he did not know whether or not Canady was right about the location of the property line and that he asked Eubanks to help clarify the situation. Turner testified that Eubanks told him it "was our property now . . . he didn't want to have anything to do with it . . . good-bye." The record also shows that Mr. Turner hired an attorney to defend the suit filed by Mr. Canady, paid him a $350.00 retainer, and the attorney filed an answer on the Turners' behalf. However, the attorney failed to notify appellants, who were in California at that time, of the date of the trial and failed to attend the trial himself. It was not until September 1984, almost nine months after the decree in the adverse possession suit was filed in January of 1984, that appellants found out about the trial. Within two years of that time appellants filed this suit against the Eubanks. Under these circumstances, we fail to see how the Eubanks suffered any prejudice. They knew about the boundary line dispute as soon as Canady filed suit against the Turners, and Mr. Eubanks told Mr. Turner it was now Turner's land and Turner's problem. The Turners were sued because Canady's claims were not satisfied. Unfortunately the efforts of the Turners' attorney were ineffectual; however, this does not affect the Eubanks' liability on the warranties in their deed. *See Brawley* v. *Copelin*, 106 Ark. 256, 153 S.W. 101 (1913).

■■ The chancellor decided this case upon the setoff issue and made no finding upon the issue of laches. However, chancery cases are tried de novo on appeal, and while findings of fact are not set aside unless clearly against the preponderance of the evidence, where the chancellor has made no factual decision, or where the evidence is undisputed, we render the judgment, on the record made in the trial court, that the chancellor should have rendered. *Pickens* v. *Stroud*, 9 Ark. App. 96, 101, 653 S.W.2d 146 (1983) (citing *Ferguson* v. *Green*, 266 Ark. 556, 587 S.W.2d 18 (1979)). *See also Broadhead* v. *McEntire*, 19 Ark. App. 259, 265, 720 S.W.2d 313 (1986). We do not think the evidence supports a

finding that the appellants have been guilty of laches.

Appellees also argue that the appellants should not prevail in this appeal because they failed to prove any damages. They contend that since the land was purchased as a whole, rather than by the acre, a proportionate price based on the price per acre would be erroneous because there was a house and other improvements located on the property. Appellees also object to appellants recovering the fee they paid their attorney to defend the Canady action, especially since the attorney failed to appear at trial.

According to *Bridwell* v. *Gruner*, 212 Ark. 992, 209 S.W.2d 441 (1948), to be entitled to attorney's fees in an action such as this, the law requires the purchaser of the land to give his warrantor notice that the title has been called into question and to request the warrantor to defend. However, the record shows after suit was filed by Canady, the appellants notified appellees that Canady was claiming part of the property to which the appellees had warranted title, and that Mr. Eubanks stated he would do nothing to defend against Canady's claim. Therefore, we think the attorney's fee paid by Turner is an expense incurred in attempting to defend the title to the property. *Bosnick* v. *Metzler*, 292 Ark. 505, 731 S.W.2d 204 (1987).

*Lane* v. *Stitt*, 143 Ark. 27, 219 S.W. 340 (1920), cited by appellees, states "the measure of damages is so much of the consideration paid as is proportioned to the value of the land lost, with interest . . . ." More recently, in *Tucker* v. *Walker*, 246 Ark. 177, 437 S.W.2d 788 (1969), the court, in referring to the measure of damages for breach of the covenant of seisin stated: "Recovery in such cases is limited to the purchase price, interest from the date of eviction, attorney's fees and court costs." 246 Ark. at 182. *See also Fox* v. *Pinson*, 182 Ark. 936, 34 S.W.2d 459 (1930), and *Wade* v. *Texarkana Building & Loan Ass'n*, 150 Ark. 99, 233 S.W. 937 (1921). While the appellants did not introduce evidence as to the value of the specific 0.94 acres of land they lost to Canady, the evidence clearly shows that the land was lost, and there is evidence on the amount of attorney's fee and court costs appellants incurred in defending against Canady's suit. Thus, while there is evidence in the record showing that the appellants sustained damages by the breach of the warranty contained in the deed from the appellees, the evidence is not fully

developed on that issue. When the record is such that we cannot end the controversy in this court, we will remand that part of the case as justice requires for further proceedings. *RAD-Razorback Ltd.* v. *B.G. Coney Co.*, 289 Ark. 550, 558, 713 S.W.2d 462 (1986). *See also Ferguson* v. *Green* and *Pickens* v. *Stroud, supra.*

We find the appellants are entitled to a setoff for the damages sustained by the breach of warranty resulting in the loss of 0.94 acres of the land conveyed to them by the appellees, and we remand this case to the trial court for the taking of evidence and determination of damages sustained by appellants and direct the trial court to offset that amount against the balance due on the purchase price of the land.

Reversed and remanded.

COOPER and COULSON, JJ., agree.