## OFFICE of CHILD SUPPORT ENFORCEMENT
### *v.* Joe Morris CALBERT

CA 99-1174                                      20 S.W.3d 450

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered July 5, 2000

*Joseph P. Mazzant, III*, for appellant.

*R. Blake Marsh*, for appellee.

OLLY NEAL, Judge. The Office of Child Support Enforcement (OCSE) appeals the Bradley County Chancery Court's order terminating appellee Joe Morris Calbert's child-support obligation. For reversal, OCSE contends that the trial court erred in terminating appellee's child-support obligation for his eigh-

teen-year-old son, Cedric, because Cedric is still in high school and will not graduate until May 2000.

Appellee Joe Calbert and Denise Calbert were divorced on June 25, 1984. Denise Calbert was awarded custody of the parties' minor children, and appellee was ordered to pay $40 in weekly child support. On May 13, 1999, appellee filed a notice to terminate income withholding for child support pursuant to Arkansas Code Annotated section 9-14-237(a)(1). OCSE filed an objection to appellee's notice, and countered that appellee's child-support obligation should extend beyond Cedric's eighteenth birthday, because he would not graduate from high school until May 2000. The chancellor found that the parties' son should have graduated in May 1999; that his eighteenth birthday was June 2, 1999; and that appellee's child-support obligation would terminate as of that date. This appeal followed.

There is no factual dispute in this case. It was tried largely on stipulations. The parties stipulated that appellee and his ex-wife agreed that the child would repeat the second grade, that he had completed twelve years of public school, and that he would reach his eighteenth birthday before graduating from high school. The parties also stipulated that the child spends about seventy-five percent of his time in homes other than that of his mother. That time is spent at his girlfriend's home and at the appellee's home. The only issue at trial was whether the appellee's obligation to pay child support would terminate when the child reached eighteen years of age.

OCSE points out that appellee and his ex-wife mutually agreed to have Cedric repeat the second grade, and were it not for that decision, Cedric would have graduated prior to his eighteenth birthday. OCSE contends that the chancellor's order should be reversed because the facts in evidence show that although Cedric Calbert is eighteen, he remains a high school student and will not graduate until he is nineteen years old.

Arkansas Code Annotated section 9-14-237(a)(1) (Repl. 1998) provides:

> (a)(1) An obligor's duty to pay child support for a child shall automatically terminate by operation of law when the child reaches eighteen (18) years of age or should have graduated from

high school, whichever is later, or when the child is emancipated by a court of competent jurisdiction, marries, or dies, unless the court order for child support specifically extends child support after such circumstances.

OCSE cites *McFarland v. McFarland*, 318 Ark. 446, 885 S.W.2d 897 (1994), and *Matthews v. Matthews*, 245 Ark. 1, 430 S.W.2d 864 (1968), in which the appellate courts have affirmed an award of child support beyond a child's eighteenth birthday where the child has remained in school. Indeed, Arkansas Code Annotated section 9-12-312(a)(5)(A) provides:

The court may provide for the payment of support beyond the eighteenth birthday of the child to address the educational needs of a child whose eighteenth birthday falls prior to graduation from high school so long as such support is conditional on the child remaining in school.

■ This court reviews chancery cases *de novo*, and "when we can plainly see where the equities lie, we may enter an order that the chancellor should have entered, or we may decline to do so if justice will be better served by remand." *See McKay v. McKay*, 66 Ark. App. 268, 989 S.W.2d 560 (1999). Here, we affirm the order terminating child support for a different reason than that given by the chancellor.

The parties stipulated the following facts: 1) Denise and Joe Calbert divorced on June 25, 1984; 2) Denise and Joe Calbert agreed that the child would repeat the second grade; 3) Denise and Joe Calbert agreed that the child had completed twelve years of public school education beginning with the first grade; 4) Denise and Joe Calbert agreed that the child would be eighteen years old on June 2, 1999; 5) Denise agreed that the child spends seventy-five percent of the time outside of her home and that time is spent with his girlfriend and the appellee.

The chancellor seemed to base his decision on the fact that Cedric should have graduated from high school by his eighteenth birthday. That decision, however, ignores the fact that appellee was instrumental in delaying Cedric's graduation by one year in agreeing that he should repeat the second grade.

■ The language of Arkansas Code Annotated section 9-14-237(a)(1) provides that "[a]n obligor's duty to pay child support for

a child shall automatically terminate by operation of law when the child reaches eighteen (18) years of age *or should have graduated* from high school, whichever is later...." (emphasis supplied). Appellee's position that the child should have graduated from high school disregards his central role in changing when the child should have graduated. A parent cannot prevent a child from graduating and then complain about the result of his own conduct.

■ We affirm the order, even though Cedric has not graduated high school, because the evidence shows that the majority of his time is spent outside of the custodial parent's home. This court is bound by the stipulations of the parties. *See Turner v. Eubanks*, 26 Ark. App. 22, 759 S.W.2d 37 (1988). The stipulations of the parties indicate that Cedric spends only twenty-five percent of his time in Denise Calbert's home. The overwhelming majority of the child's time is spent at the home of appellee or the child's girlfriend. Based on this evidence we conclude that the trial court's decision to terminate child support was not clearly wrong.

Affirmed.

JENNINGS, J., agrees.

STROUD and ROAF, JJ., concur.

ROBBINS, C.J. and HART, J., dissent.

JOHN F. STROUD, JR., Judge, concurring. Although I agree that the order of the trial court should be affirmed, I write separately because I reach that result for a reason different than that stated in the prevailing opinion. The reasoning of the prevailing opinion is inconsistent with the concept of Ark. Code Ann. § 9-12-312(a)(5)(A) (Supp. 1999) and *Fonken v. Fonken*, 334 Ark. 637, 976 S.W.2d 952 (1998), which allows a child upon reaching majority to sue for back child support not paid for periods of time when the child did not live with the custodial parent at all.

The case before us was based on the chancellor's interpretation and application of Ark. Code Ann. § 9-14-237 (Supp. 1999), which provides:

> (a)(1) An obligor's duty to pay child support for a child shall automatically terminate by operation of law when the child reaches eighteen (18) years of age or should have graduated from

high school, whichever is later, or when the child is emancipated by a court of competent jurisdiction, marries, or dies, unless the court order for child support specifically extends child support after such circumstances.

The chancellor terminated the noncustodial parent's child-support obligation of the child who reached age eighteen but had not graduated from high school, finding that the child should have graduated. It was stipulated that the child would have graduated shortly before his eighteenth birthday if he had not been held back by his parents to repeat the second grade. I think "should" in the context of the statute means without repeating a grade, whether it be for failing marks, sickness, or a decision of the parents that a child repeat a grade.

I also think section 9-14-237 was enacted by the Arkansas General Assembly to provide a method for automatic termination of the child-support obligation without the expense of hiring an attorney and having a court hearing. This view of automatic termination is consistent with the remainder of the statute, which automatically terminates support upon the removal of the minor's disabilities, or upon his marriage or death. My position is further supported by another statute that gives the court all the flexibility needed to extend the support obligation beyond the eighteenth birthday for a child who has not graduated from high school for reasons such as the ones just enumerated. Arkansas Code Ann. § 9-12-312(a)(5)(A) (Supp. 1999) is that statute, and it provides:

> The court may provide for the payment of support beyond the eighteenth birthday of the child to address the educational needs of a child whose eighteenth birthday falls prior to graduation from high school so long as such support is conditional on the child remaining in school.

Reading the two statutes together, and applying the statutes to the facts of this case, I cannot say that the chancellor clearly erred in ruling that appellee's child-support obligation did not extend beyond the child's eighteenth birthday to the anticipated delayed date of the child's graduation from high school. I would therefore affirm for the reasons stated by the chancellor.

I am authorized to say that Judge ROAF joins in this concurring opinion.

JOHN B. ROBBINS, Chief Judge, dissenting. I agree with the prevailing opinion to the extent that it finds error in the chancery court's determination that child support cannot extend through Cedric's graduation because he should have graduated a year earlier. Cedric's graduation was delayed through no fault of his own and due to a mutual decision by his parents, and he has remained in school in pursuit of his high school diploma. Under these facts, I agree that, for purposes of Ark. Code Ann. § 9-14-237(a)(1) (Repl. 1998), the date he "should have graduated" is the same as his actual expected graduation date. However, I do not agree with the alternate basis upon which the prevailing opinion affirms the chancery court's order. Therefore, I must respectfully dissent.

The prevailing opinion relies on a stipulation between the parties to the effect that Cedric spends seventy-five percent of his time in homes other than that of his mother. The only mention of such an arrangement was by Mr. Calbert's attorney, when he stated before the chancery court:

> I believe that Ms. Calbert has agreed that the child spends about three-quarters of the time in homes other than hers. I think he stays part of the time at his girlfriend's home and part of the time at the home of Mr. Calbert.

Even if this comment rises to the level of a stipulated fact, I submit that it is insufficient to support termination of Mr. Calbert's child-support obligation.

In Mr. Calbert's pleading requesting termination of child support, he asserted only that his obligation "will terminate on June 2, 1999, the date of the child's eighteenth birthday, because he should have graduated from high school in May of 1999."; he did not ask for termination or a reduction because of Cedric's living arrangements or for any reason other than that stated above. As such, the issue was not presented and was not addressed by the chancery court. In its order terminating child support, the chancery court relied solely on its finding that Cedric should have graduated in May 1999. It is well established that a question not raised in the court below by the pleadings or arguments of counsel cannot be considered for the first time on appeal, see *Robinson v. Winston*, 64 Ark. App. 170, 984 S.W.2d 38 (1998), and because the issue was not

raised or developed in the chancery court, we should not address it now.

Moreover, the issue has not been raised in either of the parties' arguments on appeal. Both the appellant's and appellee's briefs focus solely on whether or not child support should terminate as a result of Cedric's being held back, and thus attaining the age of majority a year before his anticipated graduation date. Under our long standing procedures, we consider only arguments raised by the parties. *Schmidt v. McIlroy Bank & Trust*, 306 Ark. 28, 811 S.W.2d 281 (1991).

The issue seized on by the prevailing opinion was not argued below, addressed by the chancery court, or argued on appeal. For these reasons, the issue was not properly before this court for our consideration. I would reverse the decision of the chancery court because it erred in its disposition of the only issue before it.

HART, J., joins in this dissent.